NORMAN BERMAN & others[1] *vs.* THOMAS LINNANE & another.[2]

Suffolk. April 5, 2001. - June 7, 2001.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Civil,* Attorney's fees, Costs, Complaint, Amendment, Parties. *Attorney at Law,* Compensation, Contingent fee agreement.

In a civil action, the judge acted within his discretion in determining a reasonable attorney's fee based on the lodestar method of calculation; further, there was no showing that the judge's refusal to allow nonstatutory costs was an abuse of his discretion. [302-303]

In a civil action, the judge did not abuse his discretion by permitting joinder of an additional party, where it was clear that the party joined was the real party in interest and was reasonably vigilant of his interests, where the parties were mistaken as to the real party in interest, where failure to join the party would have deprived him of damages to which a jury found he was entitled and resulted in a windfall to another, and where there was no showing of prejudice to the other party [304-305]; further, additional arguments against joinder were without merit [305-306].

CIVIL ACTION commenced in the Superior Court Department on August 20, 1991.

Following review by this court, 424 Mass. 867 (1997), motions for joinder of a party and for attorney's fees and costs were heard by *Peter M. Lauriat,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Norman Berman,* pro se.

*James C. Donnelly, Jr. (Charles B. Straus, III,* with him) for Edward Carroll.

*Michael J. Traft* for Thomas Linnane.

SPINA, J. In *Berman* v. *Linnane,* 424 Mass. 867 (1997), we held that Norman Berman and Robert Marcus could not recover the full amount of the $686,570 judgment against Thomas Lin-

---

[1]Ira Marcus, assignee of Robert Marcus, and Edward Carroll (count IV).

[2]Edward Carroll (count I).

nane on count IV of their complaint because Edward Carroll's assignment of his cause of action against Linnane for breach of contract, the basis of count IV, was actually a contingent fee agreement that failed to satisfy the requirements of S.J.C. Rule 3:05 (5) (e), (f), as appearing in 382 Mass. 762 (1981). *Id.* at 871. We permitted them, however, to treat the assignment as "security for Carroll's payment of his debt" to them: a $71,000 judgment with interest and costs on count I of their complaint, "and reasonable attorney's fees and expenses incurred in pursuing Carroll's claim against Linnane" in count IV. *Id.* at 872.

On remand, Berman and Marcus filed a motion for attorney's fees and costs of $348,252 and $12,968, respectively. After hearing, a judge in the Superior Court awarded $95,000 in fees and $553.12 in costs. The judge, pursuant to Mass. R. Civ. P. 15, 365 Mass. 761 (1974), and Mass. R. Civ. P. 17 (a),[3] 365 Mass. 763 (1974), also permitted Carroll, over Linnane's objection, to be joined as a party plaintiff on count IV and to recover the balance of the $686,570 judgment against Linnane on that count. Berman and Marcus have appealed, arguing that the award of fees and costs is inadequate. Linnane also appealed. He contends that the award is excessive, and that the judge abused his discretion by permitting Carroll to be joined as a party plaintiff on count IV. We transferred the case to this court on our own motion. We affirm.

1. Berman and Marcus argue that the reduction in the amount of attorney's fees sought, unsupported by detailed findings, was an abuse of discretion. Linnane contends that the award of attorney's fees was an abuse of discretion because it was disproportionate to the amount of the underlying claim for $71,000 in count I.[4]

What constitutes a reasonable fee is a question that is com-

---

[3]Rule 17 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 763 (1974), states in relevant part: "[E]very action shall be prosecuted in the name of the real party in interest . . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

[4]Linnane's argument is based on the misapprehension that the underlying controversy for which attorney's fees were awarded was the action on Car-

mitted to the sound discretion of the judge. See *McGrath* v. *Mishara*, 386 Mass. 74, 87 (1982). When determining a reasonable attorney's fee, the focus is not the bill submitted, as Berman and Marcus suggest, or the amount in controversy, as Linnane suggests, but several factors, including "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum* v. *Archambault*, 379 Mass. 381, 388-389 (1979). No one factor is determinative, and a factor-by-factor analysis, although helpful, is not required. See *Margolies* v. *Hopkins*, 401 Mass. 88, 93 (1987). Here, the judge considered those factors on which evidence was presented, as well as his experience from the trial. He was not required to review and allow or disallow each individual item in the bill, but could consider the bill as a whole. He concluded that the legal issues were relatively straightforward, and that much of the work performed was repetitive and unnecessary. These findings are not clearly erroneous. See *Cargill, Inc.* v. *Beaver Coal & Oil Co.*, 424 Mass. 356, 363 (1997).

The judge also determined that reasonable attorneys would have spent no more than a total of 475 hours at an average rate of $200 an hour for both the trial and the appeal. He thus determined that a reasonable fee would be $95,000. This method of calculating a fee, known as a "lodestar" award, is one that we have previously approved. See *id.*; *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 324-325 (1993). We are satisfied that the judge was mindful of the appropriate factors, and that his use of this method to calculate the fee was not an abuse of discretion. *McGrath* v. *Mishara, supra* at 87.

A judge's award of costs is also discretionary, see G. L. c. 261, § 13, and there has been no showing that the refusal to allow nonstatutory costs was an abuse of that discretion.

roll's note in count I. See *Berman* v. *Linnane*, 424 Mass. 867, 870-871 (1997). Attorney's fees were not awarded for work done on count I, but, as we directed, for work done in pursuit of Carroll's claim against Linnane under count IV. See *id.* at 874.

2. By statute, a judge has discretion to permit amendment of a complaint at any time to add a real party in interest, and the amendment may relate back to the original pleading. See G. L. c. 231, § 51. See also *Strout* v. *United Shoe Mach. Co.*, 215 Mass. 116 (1913) (amendment after rescript substituting plaintiff as real party in interest). Such authority is also conferred by rules 15 and 17 (a). See *Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 428 (1983). See also *Crown Life Ins. Co.* v. *American Nat'l Bank & Trust Co.*, 830 F. Supp. 1097, 1099-1101 (N.D. Ill. 1993), aff'd, 35 F.3d 296 (7th Cir. 1994); *Arabian Am. Oil Co.* v. *Scarfone*, 713 F. Supp. 1420, 1424 (M.D. Fla. 1989).[5] Various factors inform a decision to permit amendment and joinder under rules 15 and 17 (a). Such factors include (1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party. See 6A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice and Procedure § 1555, at 413-414 (2d ed. 1990 & Supp. 2000). We turn to those factors.

Carroll tried unsuccessfully to intervene shortly after the original trial, after the judge, on Linnane's posttrial motion, determined that Carroll's assignment was void as champertous. We subsequently held that the assignment was not champertous, but determined that Berman and Marcus were acting as Carroll's attorneys under count IV, not as his assignees. See *Berman* v. *Linnane, supra* at 870. The parties were mistaken as to the real party in interest. See *id.* at 872 n.7. Carroll moved for joinder promptly after our decision in *Berman* v. *Linnane, supra*, when it became clear that he was the real party in interest under count IV. Carroll was reasonably vigilant of his interests. See *United States* v. *CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989).

Failure to permit Carroll to be added as a party plaintiff

---

[5]We look to Federal decisions for guidance when construing the cognate Massachusetts rule of civil procedure, "absent compelling reasons to the contrary or significant differences in content." *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 180 (1975).

under count IV would deprive him of damages to which the jury found he is entitled, and result in a windfall to Linnane. One purpose of rule 17 (a) is to prevent forfeiture of an action. See *Henderson* v. *D'Annolfo, supra*; *United States* v. *CMA, Inc., supra.* Carroll's joinder prevents the injustice that would result if he were required to incur additional legal expenses to relitigate a claim that had been fully tried. It also conserves valuable judicial resources. See generally *U-Haul Int'l, Inc.* v. *Jartran, Inc.*, 793 F.2d 1034, 1039 (9th Cir. 1986).

There has been no showing of prejudice to Linnane. There is no element of unfair surprise, as Carroll's claim against Linnane was fully litigated at the prior trial. See *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 297 (1977); *Cronan* v. *Woburn*, 185 Mass. 91, 95 (1904); *Lancaster* v. *General Acc. Ins. Co.*, 32 Mass. App. Ct. 925, 927, *S.C.*, 413 Mass. 1007 (1992). Linnane argues that he is entitled at least to a new trial on damages because we never resolved the damages issue he raised in the original appeal. We conclude that he is not entitled to a new trial. Although we did not need to decide the issue of damages that Linnane raised in *Berman* v. *Linnane, supra*, we noted that his brief was "without a record reference or specific argument" on the issue. *Id.* at 874. On remand, his opposition to Carroll's motion for joinder and his motion for reconsideration renewed these issues, but were similarly scant and unsupported. Linnane has failed to present any reasoned appellate argument supporting this contention, and we do not consider it. See *Bjorkman* v. *Suffolk Constr. Co.*, 42 Mass. App. Ct. 591, 595 (1997). There was no abuse of discretion in permitting Carroll's joinder, and permitting him to recover the balance of the judgment obtained on count IV.

Linnane next argues that Carroll's failure to appeal the denial of his motion to intervene acts as a bar to his post rescript motion for joinder. Carroll's interest in count IV was the validity of the assignment, under which he would have shared the proceeds of any judgment. Berman and Marcus appealed from the order invalidating the entire assignment. Carroll's rights were contingent on the outcome of that appeal. His willingness to abide by the terms of the assignment, under which he sur-

rendered the right to prosecute his claim, did not prevent him from asserting his rights once we determined that the assignment was invalid, though for reasons very different from those of the trial judge.

Linnane's related contentions that Carroll waived his right to participate in the prosecution of his claim under count IV when he assigned his rights to Berman and Marcus, and that we restricted the amount of the judgment on count IV to the amount Berman and Marcus properly could recover, are similarly without merit. The assignment expressly contemplated Carroll's participation by providing that he would receive a portion of any judgment recovered. Moreover, the effect of *Berman* v. *Linnane, supra,* was to limit the amount Berman and Marcus properly could recover under Carroll's assignment. We did not limit Carroll's right to recover against Linnane or preclude Carroll's joinder.

Finally, there is no basis to Linnane's argument that he was denied timely notice of Carroll's motion for joinder. His affidavit indicates that he learned of the hearing date only after he opened his mail; it does not say that the notice was not delivered timely. Regardless, in his motion for reconsideration, Linnane was heard on the question of joinder.

*Judgments affirmed.*