Lemire, James R., J.
This matter is before the Court by way of a motion to determine attorneys fees in accordance with Mass. G.L.c. 221, §50.
BACKGROUND
Attorney Sonja Anastasi (Anastasi) was retained by the plaintiff in July 2002 for the purposes of repre *508 senting her relative to injuries she sustained in a motor vehicle accident that occurred on July 2, 2002. As part of her engagement of Attorney Anastasi the plaintiff, Denise A. Latino (Latino) signed a Contingency Agreement dated July 8, 2002 which provided that Attorney Anastasi would receive legal fees in the amount of one-third of the proceeds received or recovered by Latino in the accident matter.
As part of her representation, Anastasi conducted an initial office conference with the client on July 8, 2002 and thereafter began handling the personal injury claim by opening a file, completing personal injury protection forms and corresponding with the insurance carriers. Anastasi requested medical records for treatment provided to Latino for injuries sustained in the accident. Anastasi assisted Latino with her property damage claim. On August 5, 2002 Attorney An-astasi filed suit and thereafter participated in discovery, including four depositions, written discovery and supplemental discovery answers. Additionally, Anastasi interviewed various witnesses and retained the services of a private investigator.
In January 2005 Latino discharged Anastasi and retained successor counsel, Brett Levy (Levy). An-astasi served Levy with a notice of attorney’s lien under Mass. G.L.c. 221, §50 on January 4, 2005. On or about November 20, 2006 Levy settled Latino’s claim for $150,000.00. Since that time, Anastasi and Levy have been unable to agree on the amount of attorneys fees due to Anastasi. Anastasi has therefore submitted the present motion to the court to determine an award of attorneys fees for Anastasi. In support of her motion she has attached a nine-page invoice breaking down her time and costs during her representation of Latino. Additionally, Anastasi has submitted affidavits of three attorneys familiar with Anastasi’s practice and experience which indicate that the reasonable attorneys fees for somebody of her stature would range from $225.00 to $300.00 per hour. The invoice indicates Anastasi rendered 194 hours of service at $300.00 an hour, for a total of professional services rendered of $58,200.00. Anastasi lists costs incurred totaling $2,140.39, for a total amount for services and costs of $60,340.39.
Attorney Levy’s affidavit in opposition points out that he was responsible for the settlement of $150,000.00, which occurred in mediation on November 9, 2006. He further indicates that at the mediation he learned that the insurance company had evaluated liability at only fifty percent on their insured when Attorney Anastasi was the attorney on the case. Levy questioned the timing of filing the law suit. He claims that Anastasi filed the case too early in the process and therefore her time spent on the matters attendant to the law suit were unnecessary. Attorney Levy additionally points out that he was able to negotiate a Blue Cross Blue Shield lien from $23,000.00 to $7,000.00 in order to give Latino additional money. Further, Levy’s opposition questions Anastasi’s billing practices of not charging for any time less than one-half hour especially for such routine matters such as telephone calls, medical record requests and faxing of documents. Finally, Attorney Levy points out that in order to accommodate Latino he reduced his fee from one-third to thirty percent, resulting in a total legal fee available to both attorneys of $45,000.00.
DISCUSSION
In Massachusetts, attorneys have a statutory right to assert a lien securing compensation for their services. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 244 (1993); G.L.c. 221, §50. However, filing an attorney’s lien does not entitle an attorney to a specific fee nor does it limit the court in its determination of reasonable fees for services rendered. See Cohen v. Lindsey, 38 Mass.App.Ct. 1, 6 (1995). Determining what constitutes a reasonable attorney fee award is a process “committed to the sound discretion of the judge.” Berman v. Linnane, 434 Mass. 301, 302-03 (2001). The Supreme Judicial Court has taken the position that the so-called lodestar method (which involves multiplying the number of hours reasonably spent on a case times a reasonable hourly rate) provides the basic measure for determining a fee award. Fontaine v. Ebtec Corp., 415 Mass. 309, 325-26 (1993); see also Cleary v. Arakellian Real Estate, Inc., 61 Mass.App.Ct. 1118 (2004). In both Massachusetts State and Federal Courts there are standard relevant factors to be applied in assessing reasonable fees under this analysis. Berman, supra 303-03. Specifically, the Trial Court’s discretion should be shaped by the following:
the nature of the case and the complexity of the issues presented;
the time involved;
the result obtained;
the experience, reputation, and ability of counsel;
the customary price charged for similar services by attorneys in the same area;
and the amount of fee awards in similar cases.
In accounting for the time and effort invested in the present case, Ms. Anastasi should have addressed whether the issues were complex, novel or numerous. Stowe v. Bologna, 417 Mass. 199, 203 (1994); Draper v. Town Clerk, 384 Mass. 444, 457 (1981); Rex Lumber Co. v. Acton Block Co., 29 Mass.App.Ct. 510, 521 (1990). There is no evidence presented to this Court to allow the Court to make a determination that this case was of a complex nature, therefore justifying the number of hours requested by Attorney Anastasi. The hours claimed by Attorney Anastasi are sufficiently detailed in the statement provided with her motion; however, a review of this statement, along with the supporting documents of the pleadings, notes and records from Attorney Anastasi clearly indicate that some of the tasks could easily have been performed by *509 administrative staff, such as preparing forms, setting up dates and times for depositions, faxing documents and requesting medical records.
Another factor in assessing reasonable attorney’s legal fees is the result obtained. The Court is mindful of the fact that Attorney Levy was responsible for obtaining the settlement amount during mediation well after Attorney Anastasi had withdrawn from the case, however, in determining a reasonable fee award the settlement amount of $150,000.00, with a total legal fee of $45,000.00 must be considered as an indication of what the attorney’s services are worth in relation to what the attorneys billable hours indicate. See Stratos v. Department of Public Welfare, 387 Mass. 312, 323 (1982). (“Compensable hours may be reduced if the time spent was wholly disproportionate to the interests at stake”). Anastasi’s request for attorneys fees of $58,200.00 is clearly disproportionate to the result obtained by Attorney Levy. It is clear to this Court that the number of hours submitted by Attorney Anastasi whether billed at $225.00 or $300.00 per hour will result in a disproportionate amount in legal fees to Attorney Anastasi which this Court does not feel is reasonable.
In light of the fact that the amount of hours referenced by Anastasi are disproportionate to the result obtained, this Court will focus on the part that An-astasi played in obtaining the resulting settlement for Latino instead of attempting to justify the billable hours. The question that needs to be addressed for the purpose of this motion is, what was the value of the services she had completed prior to her removal?
The court recognizes that Attorney Anastasi performed the initial groundwork in order to prepare the claim for the mediation that was ultimately pursued by Attorney Levy. The initial interviews, collecting of medical records, filing of the Complaint, completion of discoveiy, are all necessary components to the ultimate disposition of a case whether by trial or by settlement, however, these components do not in and of themselves have a value to the client unless, and until, the case is tried or settled. The fact that Attornéy Anastasi is an experienced personal injury attorney did not impact on the final settlement in this case. Prior to her skills being put to test either by way of trial or mediation, she was removed from the case. Ultimately, Attorney Levy was able to evaluate the case and proceed to mediation that resulted in a settlement which was acceptable to Latino, including concessions on attorneys fees and reducing of medical liens. It is clear that the value of the settlement was primarily the result of the efforts of Attorney Levy. His experience and reputation were key elements in obtaining the result for Latino. Attorney Levy’s work was made easier by the work already performed by Attorney Anastasi. Without the preliminary work completed by Anastasi, Levy would have undoubtedly been required to expend numerous additional hours in order to gather the necessary information to obtain the settlement at mediation. Anastasi on the other hand did not have the opportunity to use her skills and experience (other than in the discoveiy process); her work, although mostly administrative (i.e. collecting medical records, interviewing witnesses and producing discov-eiy) , did provide Attorney Levy with substantial information in order to allow him to use his skills to obtain the favorable settlement for Latino.
In assessing what is a fair and reasonable amount for Attorney Anastasi’s role in obtaining of the settlement of $150,000.00,1 feel that the offer of one-third of the attorneys fees, namely $15,000.00 is reasonable. Additionally, the total amount of costs incurred by Attorney Anastasi is appropriate in this situation.
ORDER
It is therefore, ORDERED that Attorney Anastasi be awarded attorneys fees in the amount of $15,000.00, together with costs in the amount of $2,140.39 for a total award of fees and costs of $17,140.39.