Kern, Leila R., J.
Before this court is PerfectY-ourself.com, Inc.’s motion requesting an award of attorneys fees and costs incurred in furtherance of its lawsuit. For the reasons stated below, Perfect Yourself s motion is ALLOWED in part, and Accusoft Corporation is hereby ordered to pay $380,832.28 in attorneys fees and costs.
BACKGROUND
Perfect Yourself and Accusoft entered into a software development contract. The contract required Accusoft to deliver to Perfect Yourself a web-enabled software application, allowing enabled users to make changes to their face and body images that could then be uploaded to the application. Perfect Yourself sued Accusoft for, among other claims, breach of contract and fraudulent misrepresentation. During December 2007, this matter was tried to a jury. The jury found that Accusoft committed fraudulent misrepresentations, and breached the contract. As a result, the jury awarded Perfect Yourself $410,000.00 in damages. This court tried Perfect Yourselfs G.L.c. 93A claim separately and found that Accusoft did in fact violate c. 93A. However, this court concluded that Accusoft’s breach was not “knowing” or “willful,” and therefore concluded the jury’s award of $410,000.00 fairly and adequately compensated Perfect Yourself for Accusoft’s violation of c. 93A [24 Mass. L. Rptr. 29]. Perfect Yourself has been represented by Morrison Mahoney LLP throughout this entire case.
Perfect Yourself currently seeks $423,660.50 for attorneys fees and $39,951.47 for costs,[1] for a total of $463,611.97 pursuant to G.L.c. 93A.
DISCUSSION
A trial judge has broad discretion in determining what is a reasonable amount to award a party for attorneys fees. Berman v. Linnane, 434 Mass. 301, 302-03 (2001). The focus of the award is on neither the bill submitted nor the amount in controversy. Id. at 303. To determine the reasonableness of the fee, the court uses the “lodestar” approach. Fontaine v. EBTEC Corp., 415 Mass. 309, 324 (1993). Under the “lodestar” approach, the court multiples the “number of hours reasonably spent on the case times a reasonable hourly rate.” Id. The party seeking attorneys fees bears the burden of establishing the reasonableness of both the hourly rate and the number of hours billed. See Society of Jesus of New Eng. v. Boston Landmarks Comm’n, 411 Mass. 754, 759 (1992). “In making this calculation, the court should consider the time counsel spent on the case exclusive of hours that are excessive, redundant, duplicative, or unproductive.” T&D Video, Inc. v. Revere, 66 Mass.App.Ct. 461, 476 (2006), reversed on other grounds, 450 Mass. 107 (2007). When reviewing a party’s request for attorneys fees, the judge is not “required to review and allow or disallow each individual item in the bill,” rather the judge may consider the bill in its entirety. Berman, 434 Mass. at 303.
*416 When determining whether the award of attorneys fees is reasonable, the judge should consider the following factors: (1) the length of the trial; (2) the difficulty of the legal and factual issues involved; (3) the degree of competence shown by the attorney; (4) the nature of the case; (5) the time and labor required; (6) the amount of damages involved; (7) the result obtained by the attorney; (8) the experience, reputation, and ability of the attorney; (9) the usual price charged by other attorneys in the area for similar services; and, (10) the amount awarded in similar cases. Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978); Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979), overturned on other grounds, Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 98 Mass. 737 (1994). In determining the reasonableness of the fee, no one factor is dispositive, and a factor-by-factor approach although helpful, is unnecessary. Berman, 434 Mass. at 303.[2]
Perfect Yourselfs submission seeking attorneys fees can only be described as a “data dump[,]” falling “short, far short, of their obligation to submit sufficient documentation to enable [this] judge to evaluate the hours spent on particular aspects of the case...” Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 428 (2005). Perfect Yourselfs timekeeping record adequately describes the nature of the work performed. However, the inadequacy with the manner in which Morrison Mahoney maintains its timekeeping records becomes apparent when one attempts to determine the hourly rate charged for each specific task.[3] This court therefore lacks a more direct approach in determining the hourly rate Morrison Mahoney charged for the specific work it has billed.[4] As a result, in determining what is a reasonable amount for attorneys fees, this court will use the highest hourly rate billed by each attorney when reducing the number of hours they spent working on this matter. Any work undertaken by Michael Racette that is not allowed by this court will be reduced based on an hourly rate of $420.00. Any work not credited by this court which Nicholas Alexander performed will be reduced by $475.00 per hour. This court finds that the rates charged by Racette ($320.00 to $420.00 per hour) and Alexander ($360.00 to $475.00 per hour) were reasonable given their professional experience. Brooks Automation, Inc. v. Blueshift Technologies, Inc., 2006 WL 1537520 at *5 (Mass.Super. 2006) [21 Mass. L. Rptr. 53] (“To characterize these attorneys fees as ‘unreasonable’ simply because they are expensive would be a moral judgment, not a market judgment”).
This court disagrees however with the total amount of time Racette, Alexander and associate Jill Hauff spent working on this case. Racette states that he spent 924.6 hours working on this matter; as discussed below, this court finds that only 809.9 (924.6— 114.7) hours were reasonably spent. Alexander states that he spent 135.9 hours working on this matter; as explained below, this court finds that only 78.1 (135.9 — 57.8) hours were reasonably spent. Hauff states that she worked on this matter for 12 hours; as detailed below, this court finds that none of her time was reasonably spent.
This court will not allow any recovery of attorneys fees for the time spent evaluating the potential of taking this matter on a contingent fee basis. Nor does this court award any amount of attorneys fees for the time Racette spent drafting the contingent fee agreement. While Morrison Mahoney faced a substantial risk that it would not recover any fees for the work performed in this case, that risk was Morrison Mahoney’s to accept or decline. As a result, the total number of hours billed by Racette will be reduced by 4.10 hours for his time spent with contingency fee related issues.
This court finds that Perfect Yourself is not entitled to recover attorneys fees for time billed by Racette and Alexander spent consulting with third-party experts who were not retained by Perfect Yourself. Since these experts were not retained by Perfect Yourself, this court is unable to say how their services may have furthered Perfect Yourselfs case if at all. Therefore fees for their services will not be permitted. This includes time spent meeting with Carl Jenkins; Jack Derby; Jeff Timmons; J. Miscione and Eric Zaiman from the firm Valuemetrics; Steven Kursh; and the IBM experts. As a result, Racette’s billed hours will be reduced by 48.0 hours for time he spent working with potential experts who did not testify at trial. For the same reason, Alexander’s total amount of billed hours will be reduced by 26.1 hours.
In early 2007, AccuSoft filed a motion to compel, which Perfect Yourself opposed. Since Accusoft’s motion to compel was allowed, the time spent by Racette researching and drafting an opposition in no way furthered Perfect Yourselfs case. Therefore, the attorneys fees incurred in researching and drafting Perfect Yourselfs opposition are unrecoverable. This court will reduce the total number of hours billed by Racette by 13.1 hours for that time.
This court will not award any attorneys fees for work performed by Racette and Alexander on postjudgment motions. Therefore, the number of hours Racette spent working on this matter will be reduced by 42.1 hours. The number of hours Alexander spent working on this matter will be reduced by 3.3 hours. Nor will this court award Perfect Yourself attorneys fees for any appellate work undertaken by Racette and Alexander. Yorke Mgmt. v. Castro, 406 Mass. 17, 19-20 (1989) (explaining procedure to recover appellate attorneys fees requires the party seeking attorneys fees request an award of fees in their appellate brief). As a result, Racette’s hours spent working on this matter will be reduced by 5.3 hours, while Alexander’s will be reduced by .3 of an hour.
This court finds that the time spent working on post-trial security options is also unrecoverable, be *417 cause this work in no way furthered Perfect Yourself s claims against Accusoft in the first instance. This includes time spent researching to see if there was a legal basis to freeze Accusoft’s assets, research regarding the possible sale of Accusoft’s assets, and the drafting of an escrow agreement. Therefore, the number of hours Alexander spent working on this case will be reduced by 8, the number of hours Racette spent working on this case will be reduced by 2.1, and the number of hours spent by Hauff will be reduced by 12.
Additionally, this court will reduce the number of hours Alexander spent working on this matter by an additional 20.1 hours, for what this court considers repetitive/duplicative work. This essentially consists of Alexander billing for time spent conferring with Racette.
Perfect Yourself seeks $40,051.47 in costs. This court will award Perfect Yourself all of its costs except for internal charges billed by Morrison Mahoney. Heath v. Silvia & Silva Assocs, Inc., 2007 WL 3259150 at *4 (Mass.Super. 2007) (refusing to award costs for photocopying, postage, telephone and fax charges, traveling, meals, etc., because they were considered firm overhead). See also Timberland Design, Inc. v. Federal Deposit Ins. Corp., 745 F.Sup. 784, 789 (1990) (explaining how law firms claim as separate expenses certain costs which should be incorporated in firm overhead). Morrison Mahoney’s internal charges include, among other charges, the cost of express mail, internal photocopying, long-distance phone calls, and facsimile. As a result, this court will reduce the costs sought by $5,150.69.
As a result of these reductions, Perfect Yourself is awarded attorneys fees and costs in the following amounts:
Attorneys Fees:
$423,660.50 (fees sought) — $77,729.00 (unrecoverable fees) = $345,931.50
Racette: 114.7 hours x $420 per hour = $48,174.00 unrecoverable fees
Alexander: 57.8 hours x $475 per hour $27,455.00 unrecoverable fees
Hauff: 12.0 hours x $175 per hour = $2,100.00 unrecoverable fees
Costs:
$40,051.47 (costs sought) — $5,150.69 (unrecoverable costs) $34,900.78
Total: $380,832.28
ORDER
For the above mentioned reasons, Perfect Yourself s motion for attorneys fees and costs associated with this lawsuit is ALLOWED in part. Accusoft is hereby ORDERED to pay $380,832.28 in attorney’s fees and costs.

Although Perfect Yourself states it seeks $39,951.47 in costs, the actual amount it seeks is $40,051.47. The error is based on the improper calculation of the filing fees in the Aff. of Michael J. Racette, Esq. The amount paid in filing fees should be $306.00 not the $206.00 listed. Morrison Mahoney paid $186.00 in filing fees on December 14, 2001, and another $120.00 in filing fees on March 15, 2004. Ex. B Invoice Number 519120 at page 2 & Invoice Number 575875 at page 2.

Despite the use of the “lodestar” approach in calculating attorneys fees, consideration of the above mentioned factors is still necessaiy. Siegel v. Berkshire Life Ins. Co., 64 Mass.App.Ct. 698, 706 n.8 (2005).

The invoices sent by Morrison Mahoney to Perfect Yourself listed the date the work was undertaken, the timekeepers identification abbreviation, the number of hours spent working on that specific task, and a description of the work performed.

On Page 62 of Ex. A, the number of hours each attorney, law clerk and paralegal spent working on this matter is listed. Michael Racette, the partner who tried this case, is listed as billing time at seven different hourly rates, ranging from $320.00 per hour to $420.00 per hour from the time the client first came to the firm though the trial. Nicholas Alexander, a partner who assisted with the preparation of, but did try this case, is also listed as billing time at seven different hourly rates, ranging from $360.00 per hour to $475.00 per hour.