Hines, Geraldine S., J.
Plaintiff, HERA Development Corporation (HERA), filed this complaint seeking specific performance of an alleged oral agreement to amend the Purchase and Sale Agreement (Agreement) for property it proposed to purchase from the defendant, Vocational Advancement Center, Inc. (VAC). The defendant filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief may be granted. On November 2, 2010, after a hearing and review of the written submissions, this court allowed the defendant’s motion to dismiss as to all claims. Defendant, relying on the indemnification clause in the Agreement, filed this application for attorneys fees. Plaintiff disputes defendant’s entitlement to attorneys fees but argues that if a fee award is appropriate, defendant’s request is excessive. For the reasons explained below, the defendant’s application is ALLOWED in part and DENIED in part.
DISCUSSION
Defendant’s submission focuses on the reasonableness of its fee application, apparently presuming its entitlement to attorneys fees under the Agreement. The resolution of this issue, however, requires an analysis of two seemingly contradictory provisions of the Agreement. The defendant relies on 1117.4 of the Agreement which authorizes an award of attorneys fees to the prevailing party in any legal or equitable proceeding arising out of the Agreement.[1] In its opposition, the plaintiff relies on 1117.2 which limits the defendant’s remedy, in the event of a breach by the plaintiff, to the retention of the deposit under the liquidated damages provision of the Agreement.[2] Though it may appear inequitable for the defendant to retain the plaintiffs substantial deposit ($200,000) while pressing for an award of attorneys fees, I do not interpret the Agreement to prohibit this opportunity for a windfall to the defendant.
I decline to adopt the plaintiffs interpretation of the liquidated damages provision as imposing a ceiling on the amount of its obligation to the defendant for all purposes associated with the Agreement.[3] The law governing liquidated damages clauses in real estate contracts establishes that such provisions are intended to fix the seller’s damages only in the event of the buyer’s breach of an agreement to purchase the property on the agreed upon terms. See NPS, LLC v. Minihane, 451 Mass. 417, 420 (2008). This Agreement follows the law, restricting the liquidated damages clause to those circumstances where the “(bjuyer defaults under this Agreement.” Thus, by its terms, the liquidated damages clause of the Agreement does not supersede the obligation undertaken by each party to indemnify the other in the event of “any legal or equitable proceeding” initiated to enforce any rights allegedly arising out of the Agreement. See Agreement, 1117.4.
Arguing in the alternative, plaintiff posits that the defendant waived its rights under the Agreement, including the right to indemnification for attorneys fees, when it terminated the Agreement and retained the plaintiffs deposit as liquidated damages. This is essentially a reiteration of the plaintiffs contention, already rejected above, that the liquidated damages clause should be broadly interpreted to limit the defendant’s damages for all purposes. In any event, I am persuaded by defendant’s counterpoint that 1117.3 of the Agreement is dispositive of the issue. Paragraph 17.3 provides that: “[n]othing in this [paragraph] shall limit the express provisions of this Agreement obligating one party hereto to indemnify the other.” This language expressly preserves the parties’ indemnifica *410 tion rights as set forth in ¶ 17.4. To adopt the plaintiff s interpretation would render this clause meaningless.
Because the Agreement does not preclude an award of attorneys fees, I next determine the amount of attorneys fees to be awarded to the defendant. The evaluation of the defendant’s fee application begins with the language of the Agreement which provides for “reasonable” attorneys fees. In determining if the defendant’s fee application is reasonable, I turn to our well-settled law developed in the context of various statutorily created rights to “reasonable” attorneys fees.
A court has broad discretion in determining the reasonableness of a fee request. Berman v. Linnane, 434 Mass. 301, 302-03 (2001). The basic computation employs the lodestar method, multiplying the number of hours reasonably spent in the litigation by the fair market rate for the attorney’s time. Fontaine v. EBTEC Corp., 415 Mass. 309, 324 (1993). The party seeking attorneys fees bears the burden of establishing the reasonableness of both the hourly rate and the number of hours billed. Society of Jesus of New Eng. v. Boston Landmarks Comm’n., 411 Mass. 754, 759 (1992). In determining the reasonableness of the fee request, the court considers a range of factors, including the nature of the case, the difficulty of the legal and factual issues, the amount in controversy, the result achieved, the time and labor required for the task at hand, the attorney’s experience, skill and reputation and the average fees charged by attorneys of comparable experience in the same area of expertise. Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). No single factor is dispositive. Nor is the court required to analyze each factor. Berman, 434 Mass. at 303.
Finally, reasonableness, in the context of attorneys fees, is fundamentally a product of billing judgment, involving the exclusion of hours that are “excessive, redundant, duplicative or unproductive.” T&D Video, Inc. v. Revere, 66 Mass.App.Ct. 461, 476 (2006), reversed on other grounds, 450 Mass. 107 (2007). Thus, a reasonable fee award does not necessarily coincide with the actual time spent litigating the case. A fee application, after the requisite scrutiny for duplications and redundancies, should only contain a request for hours reasonably spent on the particular task at hand. Taking these legal principles into account, I consider the reasonableness of the defendant’s application for a fee award in the amount of $76,709.00.
This court gives full credit to the experience, skill and reputation of the defendant’s counsel as well as the result obtained for the client. Nor do I question counsel’s representation as to the number of hours actually spent on this case. Nonetheless, I conclude that the requested fee award exceeds the reasonableness threshold in the particular circumstances of this case. I do not undertake here to review every hour billed. Berman, 434 Mass. at 303. Rather, I offer the following general observations which explain my decision to reduce the fees awarded to the defendant.
First, this litigation was concluded by the successful prosecution of a motion to dismiss the complaint. The parties engaged in no discovery or other pre-trial procedures, other than the motion for lis pendens. The favorable termination of the litigation at this early stage necessarily lowers the ceiling of hours reasonably spent on the case. In addition, I consider the reasonableness of the hours billed in the context of the hourly rates charged by counsel and the two associates assigned to the case.[4] The hourly rates charged in this case, while appropriate given the reputation of the firm involved here, require the skill and ability to achieve efficiencies in the performance of legal tasks, especially routine or uncomplicated matters. Those expected efficiencies are not apparent upon review of the hours billed in this case.
I address first the hours billed for the lis pendens motion. The defendant claims twenty-nine attorney hours for this task. This includes nine hours of the partner’s time billed at his usual rate of $725.00/hour and twenty hours of the associate’s time billed at $400.00/hour. The motion for lis pendens was uncomplicated and unquestionably favorable to the defendant on the merits. The plaintiffs motion initially was denied on an ex parte basis with the court expressing, in its order, doubt about the viabiliiy of the plaintiffs case. Given this posture of the case, it is unreasonable to bill twenty-nine hours of attorney time for this task. The twenty hours of associate time “researching” the law is simply not justified. As set forth above, an associate billing at the rate charged here must be held to some standard of efficiency to meet the reasonableness test. Billing for twenty hours belies any concern for efficiency in the associate’s work on this task.[5] Taken together, twenty-nine hours between the partner and the associate on the lis pendens matter is excessive and unreasonable. Accordingly, the hours for which fees may be awarded for this task must be reduced.
Likewise, the fee request for time spent in the preparation of the motion to dismiss is unreasonable. This was a garden-variety motion to dismiss governed by settled principles of law. Yet, the fee petition claims fifty-four hours for the associates and thirty-three hours for the partner on the case. The affidavit setting forth the particular tasks and hours spent on the motion to dismiss reveals duplication and a lack of efficiency which requires a reduction in the fee award. Society of Jesus, 411 Mass. at 760. For example, both associates billed a substantial number of hours for the same research on the Statute of Frauds issue. Affidavit of Charles Solomont, Ex. B: 2/10/10; 2/11/10; 2/21/10 (KK); 2/15 (FM). This court recognizes that the supervisory relationship between the partner and the associate inevitably results in some overlap of work. Nonetheless, billing judgment should be exer *411 cised when the partner devotes a total of 18.3 hours to the revision of the motion to dismiss, while the associate bills 10.2 hours for that same task. Affidavit of Charles Solomont, Ex. B: 2/23/10-2/25/10 (CS); 2/26/10 (CS); 2/19/10; 2/25/10 (FM). A final example of the lack of billing judgment is the claim for hours spent by the associate to organize the file. Affidavit of Charles Solomont, Ex B: 6/18/10-6/21/10. This task, of course, is necessary but it is primarily an administrative task for which the prevailing party should not bill at the attorney rate.
ORDER
For the foregoing reasons, it is therefore ORDERED that the defendant’s fee application is approved in the amount of $38,354.50.

Paragraph 17.4 of the Agreement provides in relevant part as follows: “In the event of any legal or equitable proceeding for the enforcement of any of the terms or conditions of this Agreement, or any alleged disputes, breaches, defaults or misrepresentations in connection with any provision of this Agreement, the prevailing party in such proceeding . . . shall be entitled to recover its reasonable costs and expenses (including, but not limited to, reasonable attorney’s fees) paid or incurred in good faith at the... pre-trial, trial and appellate levels, and in enforcing any award or judgment granted pursuant thereto.”

Paragraph 17.2 of the Agreement provides in relevant part as follows: “If Buyer defaults under this Agreement, the sole remedy of Seller shall be to retain the Deposit, which sum the parties fix and settle in advance as a reasonable estimate of Seller’s losses as a result thereof and said sum shall constitute liquidated damages, not a penalty, for such default of Buyer. This shall be Seller’s sole and exclusive remedy at law or in equity.”

Plaintiff does not challenge the defendant’s entitlement to liquidated damages so I do not address issues associated with the propriety of liquidated damages in this case.

Charles Solomont bills at the rate of $725.00/hour. Francesca Miceli bills at the rate of $510.00/hour. Katherine Kimball bills at the rate of $400.00/hour. I assume that these hourly rates reflect the ability of the attorney to efficiently perform the required tasks.

This court is sympathetic to and appreciates the need for bringing associates along. The client, however, should not bear the full cost of this effort.