Sanders, Janet L., J.
This is a class action lawsuit against National Grange Mutual Insurance Company *655 (“NGM”) challenging NGM’s failure to pay interest on arbitration awards obtained by its insureds and by third-parly claimants. All but the issue of attorneys fees has been resolved in the case by way of a settlement agreement approved by this Court. Plaintiffs counsel now asks the Court to approve a fee award of $136,800. NGM does not contest the plaintiffs entitlement to fees but does challenge the amount. After a hearing, and for the following reasons, this Court concludes that the requested fee is unreasonably high and that a substantial reduction is warranted.
BACKGROUND
This case raises claims identical to those raised and decided in an earlier class action filed in this Court, Meaney v. OneBeacon Ins. Group, LLC, SUCV 2007-1294-BLS. Seven automobile insurers were named as defendants in Meaney. After several years of litigation, that suit has been largely resolved by settlements in favor of class plaintiffs. John Yasi, lead counsel in the instant case, was also one of the lead counsel in Meaney. Yasi’s firm has already received substantial awards of attorneys fees in connection with the Meaney action: all were approved by the Court, but then no defendant contested the amount, as here.
The principal difference between this action and Meaney is that the defendant here, NGM, approached plaintiffs counsel almost immediately about a possible settlement: the Complaint was filed on August 18, 2011, and less than three weeks later, NGM issued checks for the full amount of interest owed to plaintiff and to all other individuals that it determined would be entitled to relief as class members.[1] At the same time, NGM expressed a desire to enter into binding settlement. It was immediately apparent, however, that the biggest obstacle to a full settlement was the amount of attorneys fees that Yasi and other counsel for plaintiffs were seeking to recover. The parties agreed to mediation, which occurred on October 25, 2011. The outcome of the mediation was the execution of a final settlement agreement that included as one component of it NGM’s agreement to pay “reasonable attorneys fees.” The settlement agreement was approved by the court on June 12, 2012 and November 16, 2012 set for an evidentiary hearing as to the fee amount.
At the hearing, this Court heard testimony from Yasi, Matthew LaMothe with “PIP Collect, LLC” (a firm owned by Yasi), and Kevin McCullough with Mazow & McCullough, P.C. All three attorneys worked on the Diminico matter: Yasi submitted a bill for $46,475, LaMothe for $24,300, and McCullough and his partner Mazow submitted bills that exceeded $35,000. In addition to their testimony, this Court had before it the bills themselves as well as other documents, including correspondence among counsel preceding settlement of this case. Finally, a copy of the complaint in Meaney was introduced as an exhibit so that this Court could compare it to the Complaint filed in the instant one. My conclusions are based on this evidence, together with other materials submitted by the parties in connection with the fee application.
DISCUSSION
The legal principles that this Court applies are well established. Determination of what constitutes a reasonable fee award is a matter left to the sound discretion of the judge. Berman v. Linnane, 434 Mass. 301, 302-03 (2001). Attorneys fees are to be determined by the lodestar method of computation, which requires multiplying the total number of hours reasonably spent preparing and litigating a case by the fair market rate for those services. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). The party seeking the fees bears the burden of establishing the reasonableness of both components. See Society of Jesus of New Eng. v. Boston Landmarks Comm’n, 411 Mass. 754, 759 (1992). Hours that are “excessive, redundant, duplicative, or unproductive” are not reasonable. See T&D Video, Inc. v. Revere, 66 Mass.App.Ct. 461, 476 (2006), reversed on other grounds, 450 Mass. 107 (2007).
In determining the reasonableness of the hours spent, this Court may consider the difficulty of the legal and factual issues, the amount of damages involved, and the result obtained, among other things. Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979); see also Heller v. Silverbranch Const. Corp., 376 Mass. 621, 629 (1978). Factors bearing on the reasonableness of the hourly rate include: the degree of competence demonstrated by the attorney, the attorney's experience, skill, and reputation, and the usual prices charged by attorneys of similar experience in the same area. Id. No single factor is dispositive. Berman, 434 Mass. at 303.
The fees requested here related to work performed over a five-month period, beginning two months prior to the filing of the Complaint itself and effectively ending on October 25, 2011, when the parties resolved the dispute (except for attorneys fees) through mediation. Certainly, the result obtained on behalf of the class was a good one and the legal work was of a high qualify. The fact remains, however, that this matter was essentially concluded within a very short period of time, the legal issues were not unduly complicated (since they had largely been resolved in the Meaney litigation), and the amount of the settlement was relatively small. Most significant, the number of hours for which plaintiffs attorneys seek compensation is extremely high. In particular, this Court notes the following.
1. The requested attorneys fees are more than ten times the $13,888.95 settlement agreed upon by the parties. When a fee request is on its face dramatically disproportionate to the results obtained, the judge should focus with precision on the relationship between the time invested and the results achieved and satisfy itself that counsel has not substantially exceeded the bounds of reasonable effort. Killeen v. Westbank Hotel Venture, L.P., 69 Mass.App.Ct. 784, Mogilevsky v. Bally Total Fitness Corp., 311 F.Sup.2d 212, 218 (D.Mass. 2004). Plaintiffs counsel’s work in this case does not hold up under such scrutiny.
*656 2. The amount of hours for certain work is clearly excessive, given the fact that Yasi and his associates had already addressed the same issues in Meaney, and NGM indicated early on in the litigation that it did not intend to dispute liability. Indeed, the number of hours billed for particular tasks seems to have been inflated. For example, a close reading of the Complaint in this case shows that it is virtually identical to the complaint filed in Meaney. Thus, counsel’s bill for over $17,000 related to the drafting or reviewing of the Complaint, where the work was for the most part a “cut and paste” job, is clearly not warranted. The same is true with regard to the settlement documents. On September 26, 2011, LaMothe sent the settlement documentation used with respect to an insurer in the Meaney case as the basis for a proposed settlement of Diminico’s class claims. With only minor changes, these documents became the basis for the settlement that this Court approved.
3. Some of the work for which plaintiffs counsel seeks compensation was plainly unnecessary. For example, after receiving the check sent from NGM to cover the unpaid interest on the named plaintiffs underlying arbitration award, attorney Yasi and NGM, via email, agreed that the check did not limit or waive any claim Hie plaintiff had against NGM. Notwithstanding this express agreement between the parties, Yasi had McCullough analyze and research case law as to the legal implications of cashing the check received fromNGM. Attorney McCullough spent9.75 hours researching this issue at a rate of $550 per hour. As another example, this Court notes that counsel seeks fees for time spent monitoring a deposition of a witness in Meaney. This was after the parties had entered into a memorandum of understanding to resolve the case and is therefore hard to justify on its face.
4. Some billing appears to be duplicative of the work of others. For example, no less than four attorneys billed large blocks of time on the same dates in June 2011 for work described simply as “review of existing class actions,” “rereading of all case law,” “review of prior decisions,” and “reexamination of legal issues pertaining to arbitration interest.”
5. Seventy-eight hours were billed by a first year associate, Matthew T. LaMothe, whose hourly rate was $300. This Court finds that both the number of hours and the hourly rate are unreasonably high in light of LaMothe’s limited experience and the fact that the bulk of the work had already been done in Meaney. Moreover, Yasi, lead counsel on this case, billed 84.5 hours at a rate of $550. From tlie descriptions in the bills, some portion of this time was spent in supervising LaMothe and reviewing his work. While this kind of supervision is important in the development of young associates, it is not time that NGM should have to pay for.
Finally, there is the matter of the stipend for the named plaintiff. This was not part of the settlement agreement approved by the Court. Consequently, there is no basis to allow such a stipend as part of a fee request. If the named plaintiff is to be rewarded for her agreement to bring this suit, it should come out of the money paid to plaintiffs counsel, who clearly benefitted most from this action.
CONCLUSION AND ORDER
For these reasons and for other reasons articulated in NGM’s Opposition, the Application for an Award of Attorneys Fees is ALLOWED in the amount of $50,000.

 In contrast to Meaney, which involved thousands of class plaintiffs, NGM was able to identify only nineteen people who had their claims against NGM resolved by way of arbitration. The Meaney litigation was also different in that it involved multiple motions for summary judgment and took years to reach a resolution.