Curran, Dennis J., J.
The plaintiffs’ claims arise from legal services provided by the defendants when Millennium Daycare was experiencing financial difficulty. Peter Lim advised Millennium and Ms. Huang to file for Chapter 11 bankruptcy, but then allegedly failed to file documents in a timely manner or appear for hearings, resulting in the Bankruptcy Court’s decision to convert Millennium’s petition to a Chapter 7 petition on March 29, 2011. Millennium was dissolved the following September. Millennium and Ms. Huang filed this action on March 28, 2014.
Attorney Lim filed the present motion to dismiss and asserts that the plaintiffs lack standing, as their claims belong to the bankruptcy estate, and the bankruptcy trustee must be the one to bring them or abandon them. See Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998) (“defendant may properly challenge a plaintiffs standing to raise a claim by bringing a motion to dismiss under Mass.R.Civ.P. 12(b)(1) or (6)”). The plaintiffs do not dispute, nor could, that they lack standing. See 11 U.S.C. 541(a)(1) and Senate Report No. 95-989 (the estate is comprised of all legal or equitable interest of the debtor in property, including causes of action); Feinman v. Lombardo, 214 B.R. 260, 265 (D.Mass.1997) (‘The bankruptcy trustee has exclusive standing to assert those state law claims that the debtor could have raised as of the commencement of the bankruptcy proceedings”); 11 U.S.C. 541(a)(7) (interest in property the estate acquires after bankruptcy filed also belong to bankruptcy estate). Instead, plaintiffs argue that dismissal is inappropriate under Mass.R.Civ.P. 17(a),[1] and that the Court should stay the proceeding until the bankruptcy trustee has had sufficient time to decide whether to take action. See Christie v. Harbor Towers Condo Trust I & II, 85 Mass.App.Ct. 1101 (2014) (Rule 1:28 Decision).
The Court looks at several factors when considering whether to allow joinder under Rule 17: “(1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real parly in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party.” Berman v. Linnane, 434 Mass. 301, 304 (2001). There was no “honest mistake” because the plaintiffs admit that they knew that they lacked standing at the time they filed the complaint, and even assuming that the plaintiffs did not know of the standing issue until Attorney Lim responded to their Chapter 93A demand letter in July 2014, the plaintiffs have still not actually requested joinder. The plaintiffs had three years to discuss the matter with the bankruptcy trustee,[2] but they instead chose to do nothing except file an improper complaint at eleventh hour. This is not the type of mistake that Rule 17 is designed to remedy, and justice is not served by staying decision on this motion.
Although the complaint is procedurally defective, it does not appear to have been advanced in bad faith. See Van Christo Adver. v. M/A-COM-LCS, 426 Mass. 410, 416 (1998) (“[R]ule 11(a) authorizes a judge to impose attorneys fees and costs where an attorney has failed to show a subjective good faith belief that the pleading was supported in both fact and law”). Awarding sanctions are within the discretion of the judge. Id. at 417. This ruling does not suggest that the allegations in the complaint lacked merit, and given the proactive — albeit late — efforts by the plaintiffs to secure the cooperation of the real party in interest, this Court does not feel that either the complaint or the Rule 17 argument were advanced in bad faith.
ORDER
Based on these reasons, the defendants’ motion to dismiss is ALLOWED, and the defendants’ motion for sanctions is DENIED.

 Mass.R.Civ.P. 17(a) provides: “(n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real parly in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.”

 It also appears that the plaintiffs failed to even notify the bankruptcy court of these causes of action until after this motion was filed.