NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1300

KIMBERLY HENDERSON & another[1]

vs.

STEPHEN BOSCO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

We address the successful counterclaims of a tenant in a summary process case.  The defendant, who was the plaintiff's landlord, was found liable for breach of the warranty of habitability, breach of the covenant of quiet enjoyment, and unfair or deceptive conduct in violation of G. L. c. 93A.  We affirm.

Background.  In the spring of 2020, the landlord bought an apartment complex in Holyoke, where the tenant lived.  The landlord later brought an eviction action in the Western Division of the Housing Court for the tenant's nonpayment of

_____

[1] Eduardo Reyes.  Reyes did not answer the eviction complaint or assert any claims against the defendant.

rent.  The tenant asserted a defense based on substandard conditions.  She also contested her liability to the landlord for rent owed to the prior landlord and asserted counterclaims for interference with her right to quiet enjoyment of the property, breach of the warranty of habitability, and violation of G. L. c. 93A.

After the parties entered into an interim agreement to resolve the eviction action, the landlord dismissed that case. The remaining counterclaims were transferred to the civil docket.  After trial, a jury awarded the tenant $1,000 in damages for the landlord's breach of the warranty of habitability.  They found the landlord had committed a breach of the tenant's right to quiet enjoyment by seeking to collect rent owed to the former landlord and awarded her $2,500 in damages. The jury also found that the tenant owed the landlord $7,615 in rent.

The trial judge then found the landlord liable under c. 93A for having tried to collect rent he knew was not owed.  The plaintiff was awarded attorney's fees and costs.

Discussion.  1.  Motion for a directed verdict.  The landlord maintains that the trial judge erred in denying his motion for a directed verdict on the plaintiff's claim for

breach of the covenant of quiet enjoyment.[2]  We are not
persuaded.

The denial of a motion for a directed verdict presents a
question of law reviewed under the same standard used by the
trial judge.  See O'Brien v. Pearson, 449 Mass. 377, 383 (2007).
We view the evidence in the light most favorable to the
nonmoving party, without weighing the credibility of the
witnesses or otherwise considering the weight of the evidence.
See Tosti v. Ayik, 394 Mass. 482, 494 (1985), S.C., 400 Mass.
224 (1987), cert. denied sub nom. United Auto Workers, Local 422
v. Tosti, 484 U.S. 964 (1987), and cases cited.  We uphold the
verdict if it may be determined that anywhere in the evidence,
from whatever source derived, any combination of circumstances
could be found from which a reasonable inference could be drawn
in favor of the nonmovant.  See Sullivan v. Five Acres Realty
Trust, 487 Mass. 64, 68 (2021), and cases cited.  To be
reasonable, the inference "must be based on probabilities rather
than possibilities and cannot be the result of mere speculation
and conjecture" (citation omitted).  Reading Co-Op. Bank v.
Suffolk Constr. Co., 464 Mass. 543, 556 (2013).

---

[2] We exercise our discretion to consider this claim despite
its not having been listed in his notice of appeal.  See Mass.
R. A. P. 3 (c), as appearing in 481 Mass. 1603 (2019).

3

The landlord maintains that a claim for breach of the right of quiet enjoyment cannot lie when the basis is an eviction action for nonpayment of rent. Not so. See Homesavers Council of Greenfield Gardens, Inc. v. Sanchez, 70 Mass. App. Ct. 453, 457 (2007) (Homesavers) ("the landlord violated the statute [prohibiting interference with quiet enjoyment] by . . . subjecting the tenant to eviction proceedings for failure to pay a new, unlawfully calculated rent"). Here, the tenant challenged the landlord's conduct in "intimidating [her] into believing that she owe[d] more rent than she [did]," and asserting a default she could not cure. The tenant's trial testimony established that the landlord had sought a $23,000 arrearage from the tenant, some of which related to rent obligations from which the prior landlord had relieved her. "Negligent conduct, as opposed to willful or reckless behavior, is all that is required for a violation of the quiet enjoyment statute." Id. at 458. Thus, we discern no error.

2. Jury verdict slip. The landlord challenges the questions posed to the jury on the special verdict slip as "inconsistent." This argument was not preserved. The landlord contends that a comment about the jury question's not conforming to the law was adequate to preserve this objection. We disagree. When the landlord made his objection, the parties were discussing the application of Homesavers to the facts of

4

the case.  The landlord raised other concerns to the trial judge about the special verdict slip.  At no point did the landlord argue that the special verdict slip needed to explain to the jury that a finding of negligence or recklessness was required to rule for the plaintiff on this claim.  We have no "adequate record and findings concerning [the] claim" as is required for us to consider it.  R.W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 74 (2001).  See Boss v. Leverett, 484 Mass. 553, 563 (2020).

Were we to exercise our discretion to consider this claim, we would reach the same conclusion.  "We read verdict slips in conjunction with the judge's instructions to determine whether the slips could have misled or confused the jury."  Commonwealth v. Springfield Terminal Ry. Co., 80 Mass. App. Ct. 22, 34 n.20 (2011).  Here, though one of the quiet enjoyment questions makes no reference to the required finding of negligence or recklessness, the requirement is included on the preceding page. What is more, the trial judge properly instructed the jury that the tenant needed to prove that the landlord "was at least negligent in his actions or failure to act" to prevail on her quiet enjoyment claims.  Read together, these instructions were adequate.

3.  Motion to amend jury verdict.  We review a motion to alter or amend a judgment under Mass. R. Civ. P. 59 (e), 365

5

Mass. 827 (1974), for abuse of discretion.  See R.W. Granger &
Sons, Inc., 435 Mass. at 79.  We see no such abuse of
discretion.  The trial judge acted within his discretion in
determining that the jury abated the rent owed to the landlord
to account for the conditions of disrepair.  See Boston Hous.
Auth. v. Hemingway, 363 Mass. 184, 203 (1973).  The landlord's
bare assertions to the contrary are wholly unpersuasive.

4.  General Laws c. 93A violation.  The landlord's main
contention on appeal with respect to c. 93A liability is that he
did not violate the tenant's right to quiet enjoyment by seeking
rent due to the prior landlord.  For the reasons explained
above, we are unpersuaded by this argument.  The landlord
further challenges his liability under c. 93A on the ground that
this was a good faith dispute over rent owed.  Again, we are
unpersuaded.  "On review of a jury-waived proceeding, we accept
the judge's findings of fact unless they are clearly erroneous"
but "review the judge's rulings on questions of law de novo."
U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 427 (2014).

Here, the trial judge found that the landlord's attempt to
collect rent owed to the prior landlord absent any assignment.
"was both willful and knowing."  The landlord admitted that, in
the eviction case, he sought rent specifically waived by the
former landlord.  The trial judge explicitly declined to credit
the landlord's testimony that he believed he received an

6

assignment from the prior landlord and was thus entitled to the past rent. The trial judge was not required to absolve the landlord for his conduct because the parties had settled the housing case. The judge's award of $2,500 in damages echoed the jury's finding that the tenant was entitled to $2,500. The judge's findings were supported by the record and are not clearly erroneous. See U.S. Bank Nat'l Ass'n, 467 Mass. at 427.

5. Relocation offer. The landlord also challenges the trial judge's exclusion of evidence that the defendant offered to relocate the plaintiff to a different apartment during trial so he could make repairs. We review for abuse of discretion. See N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013). We discern none. The trial judge heard the landlord's arguments at a pretrial hearing and again on the day of trial. The landlord testified under oath that he made the repairs to the property and resolved the tenant's habitability claims while she lived there. Based on this and other evidence, the trial judge permissibly determined that it was not necessary to move the tenant to make the needed repairs. The decision to exclude this evidence was not "based on whimsy, caprice, or arbitrary or idiosyncratic notions" (quotation and citation omitted). Id.

6. The attorney's fee award. "What constitutes a reasonable fee is a question committed to the sound discretion

of the [trial] judge." Berman v. Linnane, 434 Mass. 301, 302-303 (2001). "[T]he amount of a reasonable attorney's fee is largely discretionary." Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 429-430 (2005). In addition to the nature and issues of the case, judges should consider "the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases" (citation omitted). Berman, supra at 303. "No one factor is determinative, and a factor-by-factor analysis, although helpful, is not required." Id.

The landlord challenges the award of attorney's fees, asserting that the trial judge erred because he failed to account for the settlement offers, and the need for a jury trial, and otherwise did not identify precise grounds to justify the attorney's fees award. We disagree. The trial judge carefully considered the time plaintiff's counsel spent on separate litigation tasks relative to the results obtained at trial; he assessed the relationship between the successful and unsuccessful conditions claims and concluded they were significantly intertwined; and he reduced the attorneys' billable time to account for the unsuccessful claims. After conducting a careful analysis, the trial judge reduced the

8

plaintiff's requested fee award by almost 50 percent.  "In light of [the trial judge's] firsthand knowledge of the details and complexity of the case we see no reason to question that judgment."  Twin Fires Inv., LLC, 445 Mass. at 431.[3]

Judgment affirmed.

By the Court (Singh, Hershfang & Wood, JJ.[4]),

*Paul Little*

Clerk

Entered: May 19, 2026.

---

[3] Pursuant to Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiff may, within fourteen days of the issuance of this decision, submit an application for appellate attorney's fees and costs, with supporting materials.  The defendant shall have fourteen days thereafter to respond.

[4] The panelists are listed in order of seniority.