CYNTHIA HADDAD *vs.* WAL-MART STORES, INC. (No. 2). January 22, 2010. *Anti-Discrimination Law*, Attorney's fees. *Practice, Civil*, Attorney's fees.

In *Haddad* v. *Wal-Mart Stores, Inc. (No. 1), ante* 91 (2009), an employment discrimination case, we reversed the trial judge's decision granting judgment notwithstanding the verdict on the jury's award of punitive damages to the plaintiff and reinstated that award. We affirmed the judgment in favor of the plaintiff in all other respects. The plaintiff now seeks to recover her attorney's fees for work performed during the appellate proceedings. As the prevailing party in her claim of discrimination in employment based on gender, in violation of G. L. c. 151B, § 4, the plaintiff is entitled to an award of "reasonable" appellate attorney's fees[1] pursuant to G. L. c. 151B, § 9.[2] See *DeRoche* v. *Massachusetts Comm'n Against Discrimination*, 447 Mass. 1, 18 (2006), citing *Lowell* v. *Massachusetts Comm'n Against Discrimination*, 65 Mass. App. Ct. 356, 357 (2006). She is also entitled to reasonable attorney's fees for work required in order to recover her attorney's fees. See *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 325 (1982).

The plaintiff's appellate counsel have requested an award of $296,899.88 in fees and costs: $290,516.67 in attorney's fees, and $6,383.21 in costs for work on the proceedings in this court. The fees represent 929.38 hours of work by four attorneys.[3] In accordance with the procedures set forth in *Fabre* v. *Walton*, 441 Mass. 9, 10 (2004), counsel filed with this motion affidavits setting

---

[1]A Superior Court judge has awarded the plaintiff $552,849.49 in attorney's fees and costs for work her attorneys performed in the Superior Court from the commencement of the proceedings in that court through postjudgment proceedings ending on November 7, 2007. This award encompassed $500,662.94 in attorney's fees and $52,186.55 in costs.

[2]Under G. L. c. 151B, § 9, "[i]f the court finds for the petitioner it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust."

[3]The plaintiff initially filed a motion for an award of $263,547.17 in fees and costs, and then filed a supplemental motion for additional work performed in response to the defendant's opposition to her initial motion.

forth their professional qualifications, their hourly rates, and detailed listings of the number of hours expended. They also filed affidavits from other attorneys who practice in the field and are familiar with the work of counsel and their professional reputations. The defendant filed an opposition claiming that the amount sought is excessive; the hourly rates of the plaintiff's counsel are not justified; the nature of the work performed is not adequately documented; work was assigned inappropriately to more experienced attorneys rather than lower-paid staff; and the work reflects significant duplication or was not necessary.

Notwithstanding the amount billed, the plaintiff is entitled to recover only reasonable attorney's fees and costs incurred in the course of the appellate proceedings. See *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 324 (1993). In determining the amount of a reasonable fee, we consider "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum* v. *Archambault*, 379 Mass. 381, 388-389 (1979). We consider also the interests that the statute in question is designed to protect and the public interest in allowing claims under that statute to proceed with competent counsel. See *Stowe* v. *Bologna*, 417 Mass. 199, 203 (1994).

Here, these factors weigh in support of the plaintiff's request. This case was complex and involved several novel or unresolved issues of law, some of which were considered by the United States Supreme Court during the course of the appellate proceedings. As the supporting affidavits state, the plaintiff's attorneys are well regarded in their field and have obtained numerous successful outcomes for clients in difficult cases. The purpose of G. L. c. 151B, which is to discourage unlawful discrimination, as well as the requirement that the statute be broadly construed, see G. L. c. 151B, § 9, indicate an expressed legislative intent to encourage competent counsel to seek judicial relief for discrimination claims. See *DeRoche* v. *Massachusetts Comm'n Against Discrimination, supra* at 18; *Gasior* v. *Massachusetts Gen. Hosp.*, 446 Mass. 645, 654 (2006); *Pielech* v. *Massasoit Greyhound, Inc.*, 47 Mass. App. Ct. 322, 327 (1999). See also *Borne* v. *Haverhill Golf & Country Club, Inc.*, 58 Mass. App. Ct. 306, 324 n.17 (2003); *Nardone* v. *Patrick Motor Sales, Inc.*, 46 Mass. App. Ct. 452, 453 (1999). According to the supporting affidavits, the defendant, the nation's largest retailer, has a reputation for aggressively litigating employment discrimination claims and was represented in this case by two law firms known as outstanding defense firms in employment litigation matters. Plaintiff's counsel describe in their affidavits the plaintiff's difficulty in obtaining counsel willing to represent her in this case. The appellate result obtained, including reinstatement of an award of punitive damages in the amount of $1 million, was favorable to the plaintiff.

We turn therefore to the primary factors that must be examined in more detail, namely, the time reasonably expended and the hourly rates reasonably charged to obtain the results achieved in these proceedings. See *Berman* v. *Linnane*, 434 Mass. 301, 303 (2001) (discussing "lodestar" method as basic method of calculating reasonable fee by multiplying hours reasonably spent by reasonable hourly rate and then making any necessary adjustments).

A determination of a reasonable hourly rate begins with "the average rates

in the attorney's community for similar work done by attorneys of the same years' experience." *Stratos* v. *Department of Pub. Welfare,* 387 Mass. 312, 323 (1982). "[W]here the award is provided for by statute and is assessed against the party having no contractual relationship with the attorney involved, the standard of reasonableness depends not on what the attorney usually charges but, rather, on what his services were objectively worth." *Heller* v. *Silverbranch Constr. Corp.,* 376 Mass. 621, 629 (1978). The defendant claims that all the rates charged are excessive for attorneys in the Pittsfield area and also that the rates are not adequately supported. This claim is without merit.

The plaintiff's fee application is based on hourly rates of $350 for Richard E. Fradette, $325 for Robert S. Mantell, $300 for David E. Belfort, and $200 for Michael L. Mason.[4] A number of affidavits from experienced practitioners in the field of employment litigation describe the excellent reputations and extensive experience of plaintiff's counsel, as well as the successful outcomes they obtained in other cases, and set forth comparable hourly billing rates charged ordinarily by attorneys in this field. Two of the plaintiff's attorneys are partners and founding members of their firms. One has twenty-five years of litigation experience; another, seventeen years; and a third, thirteen years. These attorneys have served as elected officers of professional organizations and have been frequent speakers at professional gatherings. One, in addition to practicing law, maintains a pharmacist's license and also holds a master's degree in public health, making him uniquely qualified to assist with the issues in this case concerning pharmacists' professional practice. We conclude that the rates charged are reasonable, indeed moderate, for attorneys in this field with the skills, reputation, and level of experience of those involved here. See *Stowe* v. *Bologna, supra* at 201-202 & n.3, 203-204; *T & D Video, Inc.* v. *Revere,* 66 Mass. App. Ct. 461, 476-477 (2006), *S.C.,* 450 Mass. 107 (2007). The defendant's contention that plaintiff's counsel should receive the same hourly rates awarded by the Superior Court judge several years ago for proceedings before that court is unrealistic. An increase in hourly rates over the last four years is to be expected, and these increases are not excessive.

Turning to the number of hours billed, we conclude that, notwithstanding the defendant's statement to the contrary, the documentation accompanying each billed line item provides more than sufficient detail to describe the work performed. However, while the documentation adequately describes the tasks performed, there are certain instances in which multiple tasks are listed under a single entry, making it impossible to determine how to apportion the attorney's time among the listed tasks. The plaintiff bears the burden of establishing and supporting the number of hours billed, see *Twin Fires Investment, LLC* v. *Morgan Stanley Dean Witter, & Co.,* 445 Mass. 411, 428 (2005), and we have previously stated that this form of documentation is disfavored. See *id.* at 428-429.

Nonetheless, since the entries including multiple tasks are for tasks of short duration, and the work performed is clearly described, we decline the defendant's suggestion that we reduce all of the billed hours by twenty per cent because certain items were "block billed." In these circumstances, particularly because we conclude that most of the items listed are reasonable, how the

---

[4]During the initial stage of this appeal, Attorney Belfort's hourly rate increased from $250 to $300, and Attorney Mason's hourly rate increased from $175 to $200.

time was allocated among several tasks performed on the same day is not critical. Where it has been necessary to apportion time among those tasks grouped under a single time entry, we have either divided the hours billed by the number of tasks listed to arrive at an average time for each task or allocated the time to what appears to be the primary task.

We conclude, however, that some of the amounts billed indicate duplication of effort or unreasonable expenditure of time. See *T & D Video, Inc.* v. *Revere, supra* at 476. In three areas, the amount of time expended was excessive. First, the time spent in preparation for oral argument (approximately ninety hours) should not have been required by experienced attorneys who specialize in this field. In particular, 53.31 hours of preparation for the argument originally scheduled for January, 2009, including a "moot court" mock argument, was unnecessarily duplicated by another week of preparation for the oral argument that was rescheduled and held one month later, in February, 2009. The initial preparation time was excessive, and, given the delay of one month that resulted from the rescheduling, a small amount of additional preparation time, if any, should have been necessary. We reduce the hours billed for oral argument preparation to fifteen hours.

The second area that we reduce is the exorbitant time spent by two attorneys in correspondence or telephone calls with other attorneys. Approximately forty-one per cent of one attorney's time was expended on sending electronic mail messages or letters to other attorneys or on conference calls; another attorney billed approximately thirty-nine per cent of his time for similar activities. We allow one quarter of these billed hours.

The third area to be reduced concerns the use of four attorneys on the appeal. Given the factual and legal complexity of the case, four attorneys may have been necessary at trial, but that level of staffing was not required for the appellate proceedings. Therefore, we deduct an additional one hundred hours from the over-all time spent on the appeal.

Minor revisions are also necessary with respect to certain other areas of work. We reduce the time spent on drafting two briefs and three petitions from approximately 198 hours to 160 hours. We do not allow any of the amounts billed in the plaintiff's supplemental motion for time spent in preparing separate motions on interest calculations that apparently were not filed in the Superior Court; we consider here only the motions on this issue filed in this court. See *Costa* v. *Fall River Hous. Auth.*, 453 Mass. 614, 633 n.28 (2009). In addition, we disallow in their entirety certain items billed, each for a small number of hours, that were not necessary to a successful outcome in this appeal. In this regard, we deduct all of the hours charged for "settlement" discussions in reference to the date of postjudgment interest calculation; preparation of a never-submitted letter to this court concerning an unrelated criminal case involving one of the defendant's employees; and assistance to the plaintiff with subsidiary matters not directly related to this appeal, such as the tax consequences of the judgment in her favor and a letter from the defendant to her concerning unclaimed property. In addition, we do not allow requests for such things as time spent driving to Boston and holding a "business lunch" with the plaintiff on the day after our decision was released, or drafting letters of congratulation to the other members of the firms who worked on the case. Because there is no documentation regarding the skills or qualifications of the individual involved, nor the work performed, we disallow as well the 6.8 hours billed for one of the attorneys' "assistants."

We conclude that all of the costs, with the exception of the congratulatory "business lunch" discussed *supra*, are reasonable and adequately documented in the supporting affidavits. We decline the defendant's suggestion that we require copies of receipts for all of the costs listed individually in the supporting documentation.

Accordingly, the plaintiff's request is allowed in an amount that reflects reasonable hours expended on her successful appeal. See *Berman* v. *Linnane*, *supra* at 303 (reviewing court not required to allow or disallow bill item by item, but may "consider the bill as a whole"). For the reasons discussed above, we deduct 430.58 hours from the total number of hours billed. These reductions include 123 hours for time spent communicating with other attorneys; one hundred hours for the excessive number of attorneys involved; seventy-five hours for oral argument preparation; forty-two hours of work on motions intended to be filed in the Superior Court that are duplicative of motions filed in this court; forty hours for drafting briefs; and 50.58 hours for the small unnecessary tasks, detailed *supra*. As stated, the assistant's 6.8 billed hours are not allowed.[5] For the reasons previously stated, Attorney Fradette's request for costs of $698.25 is reduced to $238.67. All of the other costs are allowed as billed.

Thus, the plaintiff is awarded the sum of $154,912 in attorney's fees and $5,923.63 in costs. Pursuant to G. L. c. 235, § 8, postjudgment interest on this award shall accrue from the date of entry of this order. This order shall be enforced in all respects by the Berkshire Division of the Superior Court Department.

*So ordered.*

The case was submitted on briefs.

*Robert S. Mantell, David E. Belfort, Michael L. Mason, & Richard E. Fradette* for the plaintiff.

*David C. Casey & Stephen T. Melnick* for the defendant.

---

[5]Although reimbursement was requested for these hours, they were billed separately and were not included in the total number of attorney's hours (929.38) charged.