Fahey, Elizabeth M., J.
Plaintiff brought a Wage Act claim that was tried before a jury in December 2015. After the jury returned a verdict for Plaintiff, she filed a motion to recover attorneys fees and costs. Defendants filed an Opposition, and after a hearing on January 6, 2016, Plaintiffs request for Attorneys Fees and Costs is ALLOWED.
FINDINGS OF FACT
Notwithstanding its name, Defendants’ business, Pyramid Builders Associates, Inc. (“PBA”), is totally unrelated to construction; rather, it involves the provision of mental health, psychosocial, and clinical counseling to both children and adults. It has offices in Boston, Lawrence, Lynn, and Brockton. Presently, the only principal[1] of PBA is Dr. Omar Reid. Dr. Reid testified that he and Sekou Mims (“Mims”) were Co-Directors of PBA, but since Mims’s death, he is the company’s sole Director and its Chief Marketing Officer. He also testified that PBA is anon-profit company, but did not explain the basis for such status. PBA’s income, according to Dr. Reid, is generated by Mass Health, Medicare, and Medicaid payments because PBA largely serves a low-income population and from referrals from courts.
Dr. Reid claims that he is an independent contractor for PBA; he also testified that he hired all of the company’s independent contractors in 2008 and 2009. The number of PBA’s independent contractors has increased to well over 300. Dr. Reid testified that PBA has grown “so rapidly,” and that it “hires only independent contractors” and has no employees.[2] As a result, PBA does not pay social security, medicare, unemployment, or taxes for any of its workers.[3]
Clarence Montgomeiy (“Montgomery”), the Principal of Montgomery Financial, has handled payroll and accounting for PBA since 2002, including preparing its financial records for audits.[4] Montgomery’s testimony confirms that the company receives funding from the Commonwealth of Massachusetts, and also that each independent contractor is sent IRS Form 1099-MISC to report yearly income received.
Plaintiff worked for PBA from July 2008 until the fall of 2009.[5] Plaintiff initially worked part time at PBA, but later became full time. PBA required she sign a Consultant Agreement indicating she was an independent contractor, and not an employee. This relationship formed the basis for Plaintiffs Wage Act claim, which was tried before a jury in December 2015. The jury returned a verdict for Plaintiff. Accordingly, Plaintiff filed the present Motion for Assessment of Attorneys Fees.
RULINGS OF LAW
This court accepts that the $300.00 hourly rate of Plaintiffs attorneys is reasonable, and that the descriptions of work are reasonable for the charged time as well. Also, this court accepts that the costs requested are reasonable.[6]
Plaintiffs success on her Wage Act claim entitles her to attorneys fees reasonably related to the enforcement of that statutory right. See G.L.c. 149, §148; see also G.L.c. 149, §150 (providing that any employee aggrieved by a violation of the Wage Act shall be awarded the costs of the litigation and reasonable attorneys fees). The guidelines for determining the amount of a reasonable fee in this setting have been set forth in Heller v. Silver Branch Construction Corp., 376 Mass. 621, 629 (1978), and in Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). Commonly referred to as the “lodestar” method, the reasonable fee is calculated by multiplying the hours reasonably spent by a reasonable hourly rate and then making any necessary adjustments. See Berman v. Linnane, 434 Mass. 301, 303 (2001); Haddad v. Wal-Mart Stores. Inc. (No. 2), 455 Mass. 1024, 1025 (2010).
“What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge.” Berman, 434 Mass. at 302-03. “When determining a reasonable attorneys fee, the focus is not the bill submitted ... or the amount in controversy . . . but several factors, including ‘the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.’ ” Id. at 303, quoting Linthicum, 379 Mass. at 388-89. However, no single factor is determinative, and a factor-by-factor analysis is not required. Berman, 434 Mass. at 303. The presiding trial judge, “making firsthand observation of the quality and necessary quantity of the parties’ preparation and performance is uniquely situated to assess the reasonable value” of the attorney’s services. City Rentals, LLC v. *276 BBC Co., 79 Mass.App.Ct. 559, 566-67 (2011). Therefore, the judge has wide discretion in determining the amount of attorneys fees to be awarded to a party. See Heller, 376 Mass. at 629 (“A judge presiding over the action for which the plaintiff seeks reasonable attorneys fees has ample opportunity to acquire firsthand knowledge” of relevant factors to be considered in determining reasonable award).
1. Reasonableness of Hourly Rate
“A determination of a reasonable hourly rate begins with the ‘average rates in the attorney’s community for similar work done by attorneys of the same years’ experience.’ ” Haddad, 455 Mass. at 1025-26, quoting Stratos v. Dept. of Pub. Welfare, 387 Mass. 312, 323 (1982). This court finds the rate of $300.00 per hour for plaintiffs attorneys as reasonable.
And, respectful of counsels’ experience, this court discerns the objective worth of the services provided by Attorney Cohen to be a reduced rate of $300.00 per hour. This rate takes into account counsel’s experience, and the basic facts of this case. See Haddad, 455 Mass. at 1025-26. The setting of such a rate is within the court’s discretion. See Holland v. Jachmann (No. 1), 85 Mass.App.Ct. 292, 299 & n.11 (2014) (no abuse of discretion assigning $350.00 hourly rate to salaried in-house counsel). See also Byrnes v. Luke, 30 Mass. L. Rptr. 413 (Mass.Super. 2012) (Moriarty, J.) (attorney entitled to rate of $300.00 per hour based on extensive experience and expertise in the field of employment law).
2. Reasonableness of Time Expended
It is the plaintiffs burden to establish and support the number of hours billed. Haddad, 455 Mass, at 1026. “In this area . . . much is left to the discretion of the trial judge, for [she] typically ‘is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services.’ ” Killeen v. Westban Hotel Venture, LP., 69 Mass.App.Ct. 784, 790 (2007). Judicial inquiry should begin with the amount of time documented by the plaintiffs attorney. Stowe v. Bologna, 417 Mass. 199, 203 (1994), and cases cited. The judge then decides whether this time was reasonably expended. Id. This court accepts the descriptions of work provided as reasonable for the time charged.
Additional factors in determining whether reasonable time was expended include consideration of the rights protected by the statute in question and the public’s interest in having competent legal counsel pursue such claims. Haddad, 455 Mass. at 1025. There is a considerable public interest in the effective enforcement of the Wage Act. “The Wage Act ‘was intended and designed to protect wage earners from the long-term detention of wages by unscrupulous employers as well as protect society from irresponsible employees who receive and spend lump sum wages.’ ” Lipsitt v. Plaud, 466 Mass. 240, 245 (2013), quoting Melia v. Zenhire, 462 Mass. 164, 170 (2012).
Employees, or “independent contractors” such as Plaintiff, should not be forced to file suit and undertake the process of civil litigation to recover wages from unscrupulous employers. The public’s interest in attracting experienced, competent counsel to assist persons like Plaintiff is appropriately reflected in the ability to recover attorneys fees and costs, as well as treble damages under the terms of the Wage Act. Inherent in these incentives is a deterrent effect, which will hopefully give employers pause before unlawfully denying payment of earned wages, a deterrent bolstered by the employ of experienced and competent counsel.
Accordingly, this court finds that the attorneys fees and costs requested are reasonable, and awards Attorney Cohen $20,730.00 in fees, Attorney Dishman $20,700.00 in fees and $2,376.00 in costs and Attorney Lucyniak $40,710.00 in fees and $137.31 in costs.
ORDER
For the foregoing reasons, it is hereby ORDERED that Plaintiffs Petition for Attorneys Fees and Costs is GRANTED in the amount of $82,140.00.
Judgment shall enter awarding Plaintiff the amount of $20,050.00 trebled, or $60,150.00 plus attorneys fees of $82,140.00; costs of $2,513.31; and interest.

 The other original principal, Sekou Mims, died prior to trial.

 Dr. Reid testified both that its only “employees” were the temporary workers it hires from agencies, and later testified that defendant has no “employees,” only independent contractors.

 This testimony, that every person in the employ of PBA is an independent contractor, is contrary to the purpose and interest of the Wage Act. It certainly appears to this court that defendants’ efforts to have no employees, and only independent contractors, is contrary to the Wage Act, G.L.c. 149, §§148, 148B, 150. Given the substantial income that PBA apparently receives, the loss to the Commonwealth of unemployment compensation taxes, social security is both unusual and substantial.

 Montgomery stated in his deposition that, per his contract with PBA, his compensation is a percent (5%) of PBA’s gross receipts. In 2014, PBA paid him $160,000.00.

 At some point, Plaintiff worked with Dr. Reid at another company, Academic Behavioral Clinic. Coincidentally, ABC is also one of Montgomery’s clients for bookkeeping and accounting purposes.

 This court reduces attorney Cohen’s rate to $300.00 per hour. This court awards attorney Cohen $20,730.00 in fees, Attorney Dishman $20,700.00 in fees and $2,376.00 in costs and Attorney Lucyniak $40,710.00 in fees and $137.31 in costs.