The defendant, Baystate Medical Center, Inc. (hospital), appeals from the judgment entered in favor of the plaintiff, Michael Saxe, on his claim of retaliation under G. L. c. 151B, § 4(4), and from the order denying its motion requesting, alternatively, judgment notwithstanding the verdict (judgment n.o.v.), a new trial, or remittitur.[2] The hospital argues that the evidence did not support the jury's answers to special questions regarding Saxe's retaliation claim, that the judge erred in certain evidentiary rulings, thus entitling the hospital to a new trial, and that there was error in the award of damages.[3] The hospital also appeals from a postjudgment order awarding Saxe $130,352 in attorney's fees and costs. We affirm.
1. Judgment n.o.v. We review a request for judgment n.o.v. to see "whether, anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [other party]." Bank v. Thermo Elemental Inc., 451 Mass. 638, 651 (2008), quoting from Masingill v. EMC Corp., 449 Mass. 532, 543 (2007). Here, the verdict must stand if Saxe offered any evidence from which the jury reasonably could have reached the verdict, disregarding evidence favorable to the hospital as the moving party. Smith v. Bell Atl., 63 Mass. App. Ct. 702, 711 (2005).
To prevail on his retaliation claim under G. L. c. 151B, § 4(4), Saxe was required to prove by a preponderance of the evidence that (1) he engaged in protected conduct, (2) an adverse employment action was taken against him, and (3) a causal connection existed between the protected conduct and the action taken. See Poon v. Massachusetts Inst. of Technology, 74 Mass. App. Ct. 185, 199-200 (2009). Saxe's theory of retaliation alleged that the hospital failed to take steps to promptly remediate known harassment against Saxe and that the hospital's adverse employment action was a result of Saxe criticizing the hospital's response to his harassment complaints.
Based on evidence presented at trial, the jury were entitled to credit Saxe's version of the events and decide the claim in his favor. See Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 467 (2003). Saxe provided evidence of a harassment prevention order, issued pursuant to G. L. c. 258E, that he obtained against a female coworker (coworker). Hospital policy mandated an investigation into the matter. Rather than conduct an independent investigation, a member of the hospital's investigating team regularly met with the coworker and made statements that could reasonably be interpreted as not impartial. Additional mishandling of Saxe's case by hospital management included failing to timely interview known witnesses, crediting the coworker over Saxe despite corroborative evidence favoring Saxe, and failing to properly review important documents. After Saxe complained about the impropriety of the hospital's investigation, the hospital suspended Saxe and ultimately terminated his employment.
The hospital argued that the only reason for Saxe's suspension and subsequent termination was that he failed to provide the full details surrounding the harassment prevention order he obtained against the coworker. However, the jury, after Saxe's cross-examination, were warranted in choosing to discredit the hospital's evidence and find retaliatory motive sufficient for judgment. See Kuwaiti Danish Computer Co., supra at 467. Accordingly, there was no error in the judge's denial of the hospital's request for judgment n.o.v.
2. Exclusion of prejudicial evidence. The hospital contends that the judge's exclusion of certain evidence was an abuse of discretion. Specifically, the hospital argues that the judge erred by excluding evidence of Saxe's relationship with the coworker's daughter and evidence that was race related, which the hospital sought to use for impeachment purposes. "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).
The exclusion of this evidence did not constitute clear error. The hospital suggests that a line of questioning into Saxe's relationship with the coworker's minor daughter would have produced evidence to justify the hospital's nonpretextual reason for suspending Saxe. However, the judge admitted some evidence of Saxe's relationship with the daughter offered by both parties throughout the trial, including the coworker's own testimony that Saxe was a "father figure" to her daughter and that she had never witnessed "anything inappropriate[ ]" between Saxe and her daughter. Rather, the only evidence excluded was whether an improper relationship existed between Saxe and the coworker's daughter, which would have had the substantially prejudicial effect of confusing the jury. See Read v. Mt. Tom Ski Area, Inc., 37 Mass. App. Ct. 901, 902 (1994) (judge may exclude relevant evidence if there is danger of confusing jury). See also Mass. G. Evid. § 403 (2018). Even the hospital's counsel agreed that the characterization of Saxe's relationship with the coworker's daughter was "not an issue in the case." The judge did not abuse his discretion.
We also discern no abuse of discretion in the judge's decision to exclude the hospital's questions regarding race, when that information was minimally relevant to the issues at trial and highly prejudicial. During the hospital's cross-examination of Saxe, the hospital attempted to introduce comments allegedly made by Saxe to the coworker which suggested racial animus. The hospital's attorney admitted that the proffered comment was not a basis for the hospital's adverse employment action against Saxe, but was relevant to impeach Saxe's credibility as a prior inconsistent statement. We agree with the hospital that the evidence was potentially relevant to impeach Saxe's credibility; however, the judge was correct to carefully weigh the prejudicial effect of evidence that could greatly inflame a jury's emotions. See Commonwealth v. Bishop, 461 Mass. 586, 596 (2012), quoting from MCI Express, Inc. v. Ford Motor Co., 832 So. 2d 795, 800 (Fla. Dist. Ct. App. 2002) ("Ordinarily, racial slurs and ethnic epithets are so prejudicial as to render them inadmissible, unless the probative value outweighs any prejudice that may result from having the jury hear them"). Where, as here, the hospital intended to introduce the evidence for the purpose of impeachment, we conclude that the judge did not abuse his discretion in determining that the prejudicial effect substantially outweighed its relevance.
3. Exclusion of eleventh-hour evidence. The hospital contends that the judge abused his discretion in sanctioning the hospital for failing to supplement discovery pursuant to Mass.R.Civ.P. 26(e), 365 Mass. 772 (1974).[4] See Grassi Design Group, Inc. v. Bank of America, N.A., 74 Mass. App. Ct. 456, 459-460 (2009). "Trial judges have broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 131 (2002) (quotation omitted). See Morgan v. Jozus, 67 Mass. App. Ct. 17, 24 (2006). Where a party fails to comply with discovery requests, the judge may impose just sanctions, including "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence." Mass.R.Civ.P. 37(b)(2)(B), as amended, 390 Mass. 1208 (1984). Here, the judge excluded the hospital's impeachment evidence in the form of a note and a photograph never disclosed to Saxe until the hospital attempted to introduce them at trial, even though the hospital acquired the materials ten days earlier. We also recognize, as did the judge below, that this was the fourth time that the hospital failed to comply with its discovery obligations and still the judge allowed questioning of both Saxe and the coworker regarding contents of the note and photograph. See Mass. G. Evid. § 613(a)(4). In these circumstances, the sanction of excluding the materials, but permitting questioning about their contents was not an abuse of discretion. See Gos v. Brownstein, 403 Mass. 252, 257 (1988).
4. The judge's comments to hospital's counsel. The hospital further argues that any improper inference resulting from the judge's comments to the hospital's counsel in the presence of the jury was not cured by reinstruction during the jury charge. When interacting with the parties, "a judge need take no vow of silence. He is there to see that justice is done, or at least to see that the jury have a fair chance to do justice.... The judge ought not let the jury be diverted from the real issue." Commonwealth v. Haley, 363 Mass. 513, 519 (1973) (quotation omitted). Here, where the judge gave an instruction reminding the jury that he was neutral on the issues and his instructions, comments, and rulings were not to be considered facts of the case, there was no prejudicial error. See Commonwealth v. Holland, 476 Mass. 801, 816 (2017).
5. Remittitur. The judge did not abuse his discretion in denying the hospital's alternative request for remittitur in its postjudgment motion. An award of punitive damages under G. L. c. 151B is appropriate only where the defendant's conduct is "outrageous or egregious," warranting "punishment and not merely compensation." Haddad v. Wal-Mart Stores, Inc. (No. 1), 455 Mass. 91, 1107 (2009). Punitive damages require a "heightened finding beyond mere liability." Ibid. Here, the jury reasonably could have concluded that the biased nature of the hospital's investigation was "outrageous or egregious." Saxe presented evidence that the hospital did not penalize the coworker for the spread of harmful rumors about him, even after he notified supervisors. That behavior, in conjunction with other evidence adduced at trial, supports the award of punitive damages.[5]
6. Attorney's fees. Finally, substantially for the reasons stated by the judge in his November 22, 2016, "Memorandum of Decision on Plaintiff's Application for Attorney's Fees and Costs," we affirm the order awarding fees and costs. See Berman v. Linnane, 434 Mass. 301, 302-303 (2001).
Saxe has also requested, and is entitled to, an award of "reasonable" appellate attorney's fees and costs pursuant to G. L. c. 151B, § 9. See Haddad v. Wal-Mart Stores, Inc. (No. 2), 455 Mass. 1024, 1024 (2010). Saxe shall, within fourteen days following the date of rescript, file with this court and serve on the defendant a motion for determination of the amount of attorney's fees and costs incurred on appeal, supported by an affidavit detailing such fees and costs, in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004).[6] The hospital may, within fourteen days thereafter, file with this court and serve on Saxe an opposition to the amounts so claimed.
Judgment affirmed.
Order denying motion for judgment n.o.v., or for new trial, or for remittitur affirmed.
Order allowing motion for attorney's fees and costs affirmed.

The jury found in favor of the hospital on Saxe's gender discrimination claim pursuant to G. L. c. 151B, § 4(1).

The jury awarded Saxe $6,850 in back pay, $50,000 in damages for emotional distress, and $200,000 in punitive damages.

Between the final pretrial conference until after trial started, the hospital notified the court of three separate instances in which they failed to satisfy their obligation to supplement discovery pursuant to Mass.R.Civ.P. 26(e). On appeal, the hospital challenges only the exclusion of a note and photograph.

For the reasons stated in the judge's order, there was also sufficient evidence to support the jury's award of $50,000 in damages for emotional distress. See Stonehill College v. Massachusetts Commn. Against Discrimination, 441 Mass. 549, 575-576 (2004).

Saxe's request for double costs in connection with this appeal is denied.