SUPERIOR COURT 
 
 ENERGY POLICY ADVOCATES v. OFFICE OF THE ATTORNEY GENERAL OF MASSACHUSETTS

 
 Docket:
 1984CV1753-C
 
 
 Dates:
 February 27, 2024
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF’S MOTION FOR ATTORNEY’S FEES
 
 

 BACKGROUND
            By the present motion, Plaintiff Energy Policy Advocates (“EPA”) petitions for an award of its reasonable attorney’s fees and costs of litigation as a prevailing party under the Massachusetts Public Records Law, G.L. c. 66, §§ 1-21 (the “PRL”). This motion follows the conclusion of a 4 ½ year course of litigation in which EPA sought and obtained the production of a substantial volume of public records from the Office of the Attorney General (“AGO”). The records concerned a politically sensitive program whereby the AGO secured private funding through a university-affiliated foundation to retain lawyers specially assigned to energy-related litigation in which the AGO is a party. EPA sought to bring this program to light through statutory requests for public records.
            The PRL invests the Court with discretion to “award reasonable attorney fees and costs in any case in which the requester obtains relief through a judicial order, consent decree, or the
 
                                                                        -1-
 
provision of requested documents after the filing of a complaint.” G.L. c. 66, § 10A(d)(2). Although fee awards are not compulsory, the statute provides that “[t]here shall be a presumption in favor of an award of fees and costs” absent one of five enumerated circumstances that both parties acknowledge are not present in this case. Id.
            The undersigned is deeply familiar with the travel of the case. Having now reviewed the materials and arguments submitted in support of and opposition to EPA’s fee application, the Court has determined in its discretion to ALLOW the Plaintiff’s Motion in part and DENY the motion in part. My rulings and reasons follow.
 
DISCUSSION
            As a threshold matter, there can be no serious question but that EPA was substantially successful in securing the vast majority of public records it sought in this case. EPA’s pursuit of these records was met with aggressive resistance from the AGO at almost every turn. Such resistance took the form of expansive exemption and privilege-claiming by the AGO, which in turn necessitated the propounding of iterative PRL requests by EPA, an administrative appeal to the Supervisor of Public Records, and the eventual filing of a civil enforcement action against the AGO in June of 2019. Within a matter of months, these actions prompted the AGO to abandon most of the disclosure-denying positions it had theretofore interposed, and to turn over some 309 pages of responsive documents. 298 of these documents were produced in their entirety in unredacted form, and another 11 pages of records were produced with excisional redactions claimed to be justified by statutory exemptions and privileges.
            By October of 2019, less than four months into the litigation’s pendency, the parties had stipulated that the AGO’s document production had fulfilled its obligations under the PRL in all respects except for the 11 pages of still-redacted records. Accordingly, EPA amended its
 
                                                                        -2-
 
Complaint to confine the group’s legal challenge to AGO’s refusal to turn over the 11 outstanding records in unredacted form. The number of disputed records shrank to just nine in May of 2022, when the AGO voluntarily produced two of the subject 11 records without redactions.
            At this point, the AGO had turned over 300 of the 309 records responsive to EPA’s original PRL requests. This represented a rate of success exceeding 97%. Litigation went forward, however, as to the remaining nine records, where the AGO continued to press its claims to statutory exemptions and privileges for non-disclosure.
            In or around August of 2022, EPA served a motion for summary judgment on the AGO, seeking a judicial declaration that the nine records that remained in dispute were subject to unredacted production under the PRL.[1] After securing a substantial enlargement of time to respond to EPA’s dispositive motion, the AGO served its opposition and a cross-motion for summary judgment of its own. The complete motion papers were filed with the Court in late December, 2022.[2]
            On March 15, 2023, after conducting an in camera review of the nine records in issue, the Court issued its decision on the parties’ cross-motions for summary judgment. The Court found that five of the subject records were subject to production to EPA in unredacted form; that three of the records were properly withheld from production by the AGO on statutory exemption and/or attorney-client privilege grounds; and that ½ of the ninth disputed record was subject to PRL disclosure, the other ½ exempt from such disclosure.
 
--------------------------------------------
 
[1] EPA had filed two previous Rule 56 motions (in October and December of 2020, respectively), both of which were summarily denied by the Court without prejudice for procedural non-compliance with the service and filing requirements of Superior Court Rule 9A.
 
[2] There followed an extended period of skirmishing over the terms of a stipulated protective order and order of impoundment to govern the parties’ filings, skirmishing that has continued to the present day.
 
                                                                        -3-
 
            Taking all matters into fair consideration, the Court finds that EPA procured 305.5 of the 309 records responsive to its initial requests. This represents a rate of success approaching 99%, all of which success was secured following the filing of a civil action which the AGO’s implacable resistance to records production necessitated. By any rational measure, EPA has achieved its objectives in this litigation. The AGO does not appear to contest this fact, and instead opposes EPA’s $86,500 fee application on a series of grounds amounting to the charge that the legal fees and expenses sought are excessive and unreasonable. The Court will address the AGO’s arguments in turn.
            Under § 10A(d)(2) of the PRL, EPA may be awarded “reasonable” attorney’s fees and costs incurred in connection with the successful prosecution of its records claims. Massachusetts courts generally follow the “lodestar method” for determining the reasonableness of an attorney’s fee application, a method that entails a multiplication of the hours reasonably expended in a case times a reasonable hourly rate by the petitioning lawyer(s). See Killeen v. Westban Hotel Venture, LP., 69 Mass. App. Ct. 784, 790 (2007), quoting Fontaine v. Ebtec Corp., 415 Mass. 309, 325-26 (1993) (“The ‘basic measure of reasonable attorney’s fees’ is a ‘fair market rate for the time reasonably spent preparing and litigating a case’ … known as the ‘lodestar’ approach”). Accord Commonwealth v. Santos, 99 Mass. App. Ct. 360, 366 (2021); Brady v. Citizens Union Sav. Bank, 91 Mass. App. Ct. 160, 161 n.7 (2017). “[T]he results it produces “should govern unless there are special reasons to depart from them.’” Killeen, 69 Mass. App. Ct. at 790, quoting Stratos v. Department of Pub. Welfare, 387 Mass. 312, 322 (1982). In this connection, the reasonableness of an attorney’s fee is informed by a range of considerations, including the complexity of the issues in the case, the extent of the success obtained, the experience and caliber of the lawyers, the prevailing market rate for legal fees
 
                                                                        -4-
 
charged in similar cases in the jurisdiction, and the need to avoid awarding fees that are duplicative, unnecessary, or unfairly out of proportion to what was at stake in the litigation. Haddad v. Wal-Mart Stores, Inc., 455 Mass. 1024, 1025 (2010). The party seeking a fee award bears the burden to demonstrate the reasonableness of its application, see Beninati v. Borghi, 90 Mass. App. Ct. 556, 568 (2016), a burden the undersigned will require EPA to carry with especially convincing evidence in light of the fact the PRL does not entitle it to such an award as a matter of right. See G.L. c. 66, § 10A(d)(2) (Court “may award reasonable attorney fees and costs …”). See also Commonwealth v. Santos, 99 Mass. App. Ct. 360, 367 (2021), quoting Strand v. Hubbard, 31 Mass. App. Ct. 914, 915 (1991) (“To be sure, conservative principles should apply to the determination of what is a reasonable fee when the pocket from which the fee is drawn belongs to someone other than the person who hired the lawyer.”).
 
            Insufficient Documentation
            The AGO’s first challenge to the EPA fee application addresses the application’s failure to provide any contemporaneous billing records, diaries, other contemporaneous documentation, or even sworn affidavits, to substantiate the legal work it claims to have been performed by three of the seven lawyers for whom it seeks fees. It is well settled that a fee applicant must “submit sufficient documentation to enable the judge to evaluate the hours spent on particular aspects of the case or the precise nature of the work.” Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 429 (2005). “[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance” of claimed fees. Castaneda-Castillo v. Holder, 723 F.3d 48, 79 (1st Cir. 2013); Handy v. Penal Inst. Comm’r of Boston, 412 Mass. 759, 768 (1992) (quotation omitted). See also Maston v. Poirier, 81 Mass. App. Ct. 1131 (2012), quoting Handy, 412 Mass.
 
                                                                        -5-
 
at 767-69 (“It is not the law that a request for attorneys’ fees must be entirely denied when a fee applicant does not submit contemporaneous time records to the court. Then again, ‘[i]t is not unreasonable to impose a reduction in the compensation awarded when the party seeking an award of attorneys’ fees does not demonstrate conclusively on the record that contemporaneous time records were kept.”); Clean Harbors, Inc. v. John Hancock Life Ins. Co., 64 Mass. App. Ct. 347, 367 (2005) (“Our courts have recommended that attorneys keep written time records for utilization in proving time expended by various attorneys on various issues. … And in the absence of such records, the judge was justified in declining to attempt to apply the requisite factors to the work of the various other attorneys and staff involved[.]”); Sudbury v. Bartlett, No. 16MISC000734 (HPS), 2017 WL 6458599, at *4 (Mass. Land. Ct. Dec. 18, 2017) (“The court can expect to have the benefit of detailed, contemporaneous time records showing the work done, and the persons performing the work.”).
            The Court observes in this case that EPA’s fee application supplies no competent documentation of any kind to substantiate the number of hours worked, the nature of the tasks performed, or the hourly rates of Attorneys Timothy Cornell, Mathew Fabisch, or Mathew Hardin. The few petition-appended emails and payment receipts clearly do not qualify. In these circumstances, the Court agrees that the fees claimed for the three lawyers -- $5,000 for Mr. Cornell, $5,000 for Mr. Fabisch, and $2,519 for Mr. Hardin – shall be denied in their entirety.
 
            Fees Incurred Prior to Filing of Complaint
            The AGO next maintains that EPA may not be awarded fees it incurred prior to the actual filing of its June, 2019 Complaint in Superior Court. The AGO specifically challenges the $11,139 in attorney time expended by Neal Cornett in connection with EPA’s pre-filing administrative appeal to the Supervisor of Public Records. The AGO rests this argument on
 
                                                                        -6-
 
language in the law that “[t]he superior court may award reasonable attorney fees and costs in any case in which the requester obtains relief through a judicial order, consent decree, or the provision of requested documents after the filing of a complaint.” G.L. c. 66, § 10A(d)(2) (emphasis added.) The argument appears to be that the reference to “after the filing of a complaint” means that fees can only be awarded to the extent they were incurred after the commencement of civil litigation. The statute clearly does not say that, however, and the Court declines to adopt such a cramped construction of its language.
            Much of the work lawyers routinely do – and for which they are customarily awarded fees under fee-shifting statutes – occurs prior to the filing of a civil action. Factual and legal research is performed to satisfy the requirements of Rule 11, strategies are developed with clients, pleadings are drafted and shared with adversaries, and negotiations intended to obviate the need for full-dress litigation take place. Courts routinely award fees for such pre-filing work. See, e.g., Hoyt v. Lr Properties, LLC, No. 2015CV2628, 2019 WL 13466348, at *1 (Mass. Super. Ct. Feb. 11, 2019) (Wall, J.) (“Pre-litigation hours that are relevant to the preparation of the lawsuit are properly included in a request for attorney’s fees.”); Allstate Ins. Co. v. Fougere, 594 F. Supp. 3d 212, 225 (D. Mass. 2022), S.C., 79 F.4th 172 (1st Cir. 2023) (“Compensation for pre-suit fees is appropriate where the work was useful and necessary to advance the litigation.”)[3] It is simply specious to suggest that PRL lawyers who engage in these kinds of activities – including, without limitation, administrative appeals designed to narrow the scope of the
 
--------------------------------------------
 
[3] The recoverability of pre-suit fees is, in fact, a matter of well settled law under numerous fee-shifting statutes. See, e.g., Ray Haluch Gravel Co. v. Central Pension Fund of Int’l Union of Operating Eng’rs & Participating Emps., 571 U.S. 177, 189-90 (2014) (permitting recovery of reasonable and necessary pre-suit attorney’s fees in ERISA claim); Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air, 478 U.S. 546, 561 (1986) (Clean Air Act); Perez- Sosa v. Garland, 22 F.4th 312, 324 (1st Cir. 2022) (Title VII); Hutchinson ex rel. Julian v. Patrick, 636 F.3d 1, 15 (1st Cir. 2011) (Americans with Disabilities Act).
 
                                                                        -7-
 
requested public records in dispute – shall be denied due recompense for their work because it preceded the filing of a civil action.
            The “after the filing of a complaint” language cited by the AGO is plainly not meant to cut off awardable fees for work conducted prior to the actual filing of a lawsuit. It is, rather, intended to define when the sequence of events culminating in the provision of public records to a requester will activate fee-shifting under the statute. That is, if a requester obtains records prior to -- and without the need for -- commencing civil litigation, then he will not be eligible for a fee award in connection with his procurement of such records. Conversely, if a civil complaint is filed before records are turned over, then the statutory presumption is that the complaint was the procuring cause of the records disclosure and fees will be awarded. See Regis v. Boston, No. 19- CV-10527-IT, 2020 WL 2838862, at *4 (D. Mass. June 1, 2020) (holding plaintiffs may be entitled to attorney’s fees under G.L. c. 66 § 10A(d)(2) because City did not provide all requested records until after plaintiffs filed suit). Read naturally, the “after the filing of the complaint” language of the statute modifies the phrase immediately preceding it, “the provision of requested documents.” Thus, the statute’s temporal limitation on fee-shifting relates only to when the relief was obtained, not when the attorney’s fees were incurred. This is the only reasonable way to read the law, and it negates the AGO’s argument to strike Attorney Cornett’s pre-suit fees.
            Here, the record is clear that EPA and its legal team performed substantial work in the run-up to their civil PRL filing against the AGO. This work naturally included preparation of the underlying records requests, an appeal from the AGO’s initial denial to the Supervisor of Public Records, and efforts to negotiate a satisfactory records production from the possessing agency without the need for seeking recourse in the courts. It would be a perversion of common sense,
 
                                                                        -8-
 
and offend the very purposes of the PRL itself (viz., the expeditious accessibility of public records to those who seek them),[4] to read the fee-shifting provision of the statute as the AGO now does. Incentivizing lawyers to file lawsuits first (and then seek compromise resolutions later), because the fee-shifting provisions of the PRL will deny them compensation for work performed prior to the formal commencement of suit, is a recipe for unnecessary litigation in an already too-litigious realm. This cannot possibly have been the intention of the Legislature.
            Fees for Unsuccessful Summary Judgment Motions
            The AGO next argues that EPA should not be awarded fees for either of the two motions for summary judgment filed in 2020, both of which were denied by the Court. As a general proposition, the Court agrees with the AGO that a PRL party should not be awarded attorney’s fees for matters in litigation in which it did not substantially prevail. In this case, however, the two summary judgment motions brought by EPA were rejected by the Court on purely procedural grounds, EPA having failed to serve and file the motions in accordance with the terms of Superior Court Rule 9A. Because such denials were necessarily without prejudice, EPA was able to – and did – refile its Rule 56 motion in late 2022.
            Although there may have been some modest ministerial work performed in connection with these earlier filings, work without value to EPA as things turned out, the substance of the summary judgment motion ultimately filed in December of 2022 no doubt drew on the research and writing which informed those abortive filings. The AGO thus may be correct that Attorneys Horner and Cornett incurred fees in respect to motions for summary judgment on which EPA did
 
--------------------------------------------
 
[4] See G.L. c. 66, § 10A, as amended St. 2016, c. 121 (providing that aggrieved requestors who appeal to Supervisor of Public Records shall receive a decision within 10 business days, and may petition the Superior Court for review pursuant to G.L. c. 249, § 4); 950 Code Mass. Regs. §§ 32.00 et seq. (regulations for public records requests and appeals to Supervisor to “ensur[e] that disputes regarding access to particular records are resolved expeditiously and fairly”).
 
                                                                        -9-
 
not prevail in 2020; but the Court will presume (having not been shown otherwise) that the vast majority of the work so performed found its way into the December, 2022 Rule 56 motion on which it did. There will be no striking of these fees.
 
            Fees Charged at Excessive Hourly Rates
            The AGO maintains that the hourly rates charged by the three lawyers who performed the substantial majority of the work for EPA in this case – Attorneys Horner (30+ years), Meltzer (30+ years) and Cornett (9 years) – are excessive. Mr. Horner’s hourly rate ranged between $685 and 801 (between 2019 and 2023); Mr. Meltzer’s hourly rate during the case was a flat $575; and Mr. Cornett’s hourly time-charge in the two years he worked on this case ranged between $472 and $514. The record, regrettably, fails to sustain EPA’s burden to demonstrate what the average hourly rates are for lawyers of comparable experience, in the relevant Massachusetts community, handling PRL litigation or cases of comparable complexity.
            The only market rate data EPA actually cites in support of its fee application’s time- charges for lawyers (like Attorneys Horner and Meltzer) with more than 30 years of experience is the so-called “Fitzpatrick Matrix.” The Fitzpatrick Matrix, however, reports hourly rates “for Complex Federal Litigation in the District of Columbia” ranging between $749 in 2022 and $795 in 2023. The case at bar, however, most surely did not involve complex federal litigation, and was not sited in the District of Columbia. Indeed, the undersigned finds that a straightforward public records lawsuit like this one, involving a relatively modest number of records and only a few different types of exemption and privilege to litigate, was not especially complex at all. An hourly rate capped at $500 for Attorneys Horner and Meltzer and $350 for Attorney Cornett
 
                                                                        -10-
 
would seem more than fair under the circumstances, a conclusion reinforced by numerous recent decisions of this Court.[5] The time-charges for these lawyers must be downwardly adjusted.
 
            Fees Sought for Contested Matters in Which EPA Did Not Prevail
            The AGO argues that EPA should not be awarded fees for any contested matter in which it did not prevail; and, in respect to matters where the Court’s rulings were mixed, any fees awarded should be proportional to the degree of success EPA garnered. The Court agrees, and accordingly suggests that EPA’s fee application be apportioned in the following manner.
            For the portion of the case beginning prior to the filing of the PRL complaint in June of 2019 and continuing until May of 2022, EPA succeeded in securing the production of some 97% of the records sought. EPA shall thus receive all of its fees and costs (adjusted for the hereinabove-capped hourly rates) during this period, excluding only the fees for Attorneys Cornell, Fabisch and Hardin.
            For the portion of the case between May, 2022 and March, 2023, covering the briefing and resolution of EPA’s (third) Motion for Summary Judgment, EPA shall receive fees and costs in a percentage amount corresponding to the percentage of claims in which it prevailed. Thus, having prevailed as to 5.5 of the 9 public record claims litigated, EPA shall be awarded 61% of its time charge-adjusted attorney’s fees and costs during this period.
 
--------------------------------------------
 
[5] See Wheaton v. Wheaton, No. 2181CV00172, 2024 WL 493559, at *3 (Mass. Super. Ct. Jan. 24, 2024) (holding $425-$450/hour for partner with 28 years’ experience and $275-$315/per hour for associate with seven years’ experience was reasonable in chapter 93A / breach of fiduciary duty claim); Broadway LLC, 921 - 923 E v. RD CRB SPV LLC and 567 East6 LLC, No. 2284CV02292, 2023 WL 9595417, at *3 (Mass. Super. Ct. Dec. 19, 2023) (Connolly, J.) (holding $525-$550/hour rate was “within the range of customary rates for an attorney with approximately 27 years' experience practicing commercial law in the city of Boston, especially in a complex matter”); Kelly Contracting & Sons Inc. v. Keefe, No. 2084CV00833, 2023 WL 2891279, at *7 (Mass. Super. Ct. Mar. 23, 2023) (awarding $350/hour to attorney with three decades experience and $250-$275/hour for associates in contractor’s breach of contract action); Neal v. Boston, No. CV 16-2848-H, 2022 WL 303492, at *7 (Mass. Super. Ct.Jan. 18, 2022) (Krupp, J.) (awarding $525/hour for small firm attorney with 40 years of experience in employment discrimination action); SG Realty Holdings, LLC v. 49 Melcher St., LLC, No. 1884CV00490, 2021 WL 3493499 (Mass. Super. Ct. June 22, 2021) (Green, J.) (noting that counsel with over 30 years of experience, generally charge a rate of approximately $500/hour or more practicing in Boston, and eighth-year associate was entitled to $200/hour).
 
                                                                        -11-
 
            For the portion of the case addressed to the Protective Order, Order of Impoundment, and Motion to Modify Order of Impoundment, and again subject to the time-charge adjustments ordered herein, EPA shall receive 50% of its attorney’s fees and costs.
            EPA shall not be awarded any attorney’s fees or costs incurred in connection with the preparation of its fee application.
 
CONCLUSION
            The Court believes that the fees and costs ordered herein are fair, reasonable, and proportional to the importance of the issues at stake and the degree of success EPA obtained in the case. Although the fee award will not be small, the AGO cannot be surprised that 4 ½ years of contentious litigation (in which the overwhelming majority of its pre-suit positions were either conceded or rejected) has produced such a result.
            The Court declines to perform the granular math that will be required to convert the foregoing rulings into a single fee award. However, in light of the clarity of the within rulings, and acknowledging that there remain only a very small number of open issues to be resolved by the parties, the undersigned is confident that the next filing in this case will be either a Stipulated Entry of Judgment or a Motion for Voluntary Dismissal.
 
SO ORDERED