## EDMUND HANDRAHAN *vs.* CHESHIRE IRON WORKS.

The liability of a stockholder for the debt of a corporation is extinguished by the recovery of a judgment thereon against the corporation, if he was not summoned to appear in the suit, and ceased to be a stockholder before the recovery of the judgment.

CONTRACT upon a judgment recovered against a corporation. James N. Richmond was summoned as a stockholder, and, the corporation being defaulted, the action proceeded against him alone. At the trial in the superior court, it appeared that Richmond was a stockholder of the company at the time when the original debt was contracted, but ceased to be so more than a year before the recovery of the judgment now declared on, and that he was not summoned as a stockholder in the action on which that judgment was rendered; and *Rockwell*, J. ruled that he could not be held liable in this action. The plaintiff alleged exceptions.

*J. C. Wolcott*, for the plaintiff.

*H. L. Dawes & S. W. Bowerman*, for the defendants.

BIGELOW, C. J. The rule that a simple contract debt is merged or extinguished in the higher nature of the security or evidence of indebtment furnished by a judgment of a court of record founded on such debt is well settled, and has often been recognized and applied by this court. In *Sampson* v. *Clark*, 2 Cush. 173, it was held that a debt due from an insolvent prior to the first publication of the notice of issuing a warrant against his estate was not provable, because the creditor had recovered a judgment upon it subsequently to such publication. The judgment was deemed to have created a new debt, in which the original cause of action had been merged. The same rule was applied in *Woodbury* v. *Perkins*, 5 Cush. 86, in which it was held that a discharge under the bankrupt act of the United States, *St.* of U. S. of 1841, *c.* 9, § 4, was no bar to an action on a judgment recovered after the filing of the petition for the benefit of the act on a debt which was due and owing from the bankrupt prior to that time. This decision affirmed the previous

one in *Sampson* v. *Clark*, and was founded on the principle that the original debt had ceased to exist by being merged in the judgment. In *Bangs* v. *Watson*, 9 Gray, 211, the same principle was again recognized. It was there held that a debt originally contracted for necessaries furnished to an insolvent was merged in a judgment, and that the latter was barred by the discharge of the judgment debtor in insolvency. The general rule is that when a judgment has been obtained on a particular debt or demand, the contract or obligation from which such debt or demand arose is merged by the superiority of the security thus acquired. *Transit in rem judicatam*, and the creditor can no longer sue on the original promise or contract. *Siddall* v. *Rawcliffe*, 1 Cr. & M. 490. *Thompson* v. *Hewitt*, 6 Hill, (N. Y.) 254. The application of this familiar principle to the case at bar is decisive against the right of the plaintiff to hold the party whom he has summoned as a stockholder liable for the judgment recovered against the corporation which is set out in the declaration. Under the statutes of this commonwealth, no person can be held liable as a stockholder for the debt of a manufacturing corporation who did not hold stock therein when such debt was created, or at the time it fell due, and who has never subsequently been the owner of any shares therein. Now Richmond, the person summoned as stockholder in the present action, had ceased to be a member of the corporation more than a year prior to the rendition of the judgment declared on. He is not therefore chargeable in this action for the debt now due to the plaintiff. When the cause of action accrued, that is, at the time when the plaintiff recovered his judgment and acquired the right to bring an action of contract in the nature of debt thereon, Richmond had ceased to be a stockholder, nor has he subsequently held any stock in the corporation. Although he was liable on the original debt, having been a stockholder when it was contracted, that debt has become merged or extinguished by the judgment, and a new debt created thereby, for which his property is not liable to be taken on execution.

This rule of a technical merger of a prior debt in a judgment may sometimes operate with hardship so as to defeat the apparent

equitable rights of parties. But its application to the present case is not open to any such objection. The plaintiff, if he had seen fit to summon the stockholder whom he now seeks to charge, to answer in the original suit, might have obtained an execution on which the property of such stockholder would have been liable to be taken to satisfy the corporate debt, as long as the creditor deemed it expedient to keep the execution in force by regular renewals. This certainly afforded him a complete and adequate remedy. But having omitted to make the stockholder a party to that suit, and having changed the nature and character of the corporate debt from a simple contract, which would have been barred in six years, to a judgment, the right of action on which continues for twenty years, he has no ground to complain that his remedy is unreasonably abridged, because he cannot charge with this new debt the estate of a person who had ceased to be a stockholder when the judgment was rendered, and the present cause of action thereby accrued.

*Exceptions overruled.*