NOTICE:   Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-772

SUBURBAN ELECTRIC CONTRACTING, INC.

vs.

SEFER OZDEMIR.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the jury found the defendant, Sefer Ozdemir (Ozdemir), liable to the plaintiff, Suburban Electric Contracting, Inc. (Suburban), on a breach of contract claim. Both parties cross-appealed from the judgment to the Appellate Division.  A panel of the Appellate Division remanded the case for modification of interest and consideration of attorney's fees for Suburban and, thereafter, the trial court entered an amended judgment on April 15, 2021.  Litigation continued, the details of which are not here pertinent, and, on December 21, 2022, Ozdemir's counsel attempted to tender payment to Suburban's counsel.  Suburban's counsel rejected the payment,

_____

[1] Individually and as trustee of Golden Horn Realty Trust.

arguing that the amount did not include the additional postjudgment attorney's fees and costs that had accrued and were warranted under the contract underlying the judgment.  In December 2023, the trial court entered a new judgment, awarding additional postjudgment attorney's fees and costs to Suburban.  Ozdemir then appealed to the Appellate Division.  The Appellate Division affirmed the trial court's December 2023 judgment, and Ozdemir now appeals from the Appellate Division's decision and order.  We affirm.

1.  Award of postjudgment attorney's fees for Suburban.  Ozdemir first claims that the Appellate Division abused its discretion in affirming the trial court's award of postjudgment attorney's fees and costs to Suburban.  We disagree.

We review the award of attorney's fees for abuse of discretion, and we reverse an award only if it is clearly erroneous.  WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235 (2005).  Courts generally allow for attorney's fees between opposing parties in litigation when the parties contract for such fees.  See Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 827 (1982).  Here, the parties contracted for postjudgment

2

attorney's fees, and therefore the judge was within her discretion to award such fees.[2]

Ozdemir first argues that the award was an abuse of discretion because Suburban did not seek the fees within the proper time allowed under motions filed pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974).  This argument is waived as it was not raised before the Appellate Division.[3]  See Boss v. Leverett, 484 Mass. 553, 562-563 (2020).  Furthermore, Ozdemir admits that Suburban's motion for such fees was not brought as a rule 59 (e) motion and, in fact, he does not cite to any legal authority to support his assertion that a postjudgment motion for attorney's fees must be brought as a rule 59 (e) motion.  Likewise, Ozdemir's argument that Suburban

---

[2] We are constrained in our review of this case because the full contract is not in the record before us.  See Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019).  Ozdemir does not dispute the Appellate Division's interpretation of the contract allowing for postjudgment attorney's fees.

[3] While Ozdemir's counsel alleged that the rule 59 (e) argument was raised to the Appellate Division below, we do not have Ozdemir's memorandum to the Appellate Division in the record before us.  See Mass. R. A. P. 8 (a).  Further, the transcript of the Appellate Division hearing and the Appellate Division's subsequent decision omit any mention of a rule 59 (e) argument.  Therefore, we treat it as waived.

engaged in excessive delay before moving for the fees is also waived.[4]  See Boss, 484 Mass. at 562-563.

Ozdemir's next argument, that the merger doctrine bars the award, is also without merit.  Ozdemir contends that there is no legal basis for awarding Suburban postjudgment attorney's fees and costs because the contract merged into the judgment and ceased to confer any rights upon Suburban after the fact. Ozdemir cites no legal authority for the proposition that postjudgment attorney's fees, when such fees are interpreted as included in the contract underlying the judgment, merged with the judgment.  The cases he does cite are inapposite.  See Dwight v. Dwight, 371 Mass. 424, 427 (1976) (stating that merger applies to bar trust beneficiary from litigating second action on same claim even if presenting new theories); Handrahan v. Cheshire Iron Works, 86 Mass. 396, 397 (1862) (affirming general principle that judgment obtained on debt merges contract from which debt arose).  Seeking postjudgment attorney's fees is not a separate action here but rather is a continued attempt to enforce the underlying contract which provided for such fees.

2.  Calculation of postjudgment attorney's fees and costs. Ozdemir also claims that if the award of postjudgment attorney's

---

[4] See note 3, supra.  The Appellate Division hearing transcript and the Appellate Division's decision omit any mention of an excessive delay argument.

4

fees to Suburban was proper, then the calculation of such fees was still an abuse of discretion. We disagree.

"What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge." Berman v. Linnane, 434 Mass. 301, 302-303 (2001). One method of calculating such fees is the "lodestar" approach. Id. at 303. Under this approach, the court first multiplies hours reasonably spent by a reasonable hourly rate and then may adjust upward or downward based on several factors, including difficulty of the case, awards in similar cases, the attorney's skill, and more. See Stratos v. Department. of Pub. Welfare, 387 Mass. 312, 321-322 (1982). Importantly, the judge is in the best position to determine how much time was reasonably spent on a case and the fair value of the attorney's services. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993).

In its December 15, 2023 judgment, the trial judge awarded Suburban $11,734.20 in postjudgment attorney's fees and costs. To reach this amount, the trial judge calculated a lodestar figure, as she accepted Suburban counsel's hourly rate of $395 as reasonable, and multiplied it by the number of hours reasonably spent between April 2021 and June 2023, making adjustments for amounts of time that the court found to be unreasonable. Invoices submitted by Suburban, dated between April 2021 and June 2023, support the trial judge's award.

5

Suburban's counsel also argued in the Appellate Division on October 30, 2024, that the postjudgment attorney's fees that were outstanding when Ozdemir first attempted tender of payment were "well over [$]10,000." While an itemized breakdown of the judge's analysis is not present in the record, a specific "factor-by-factor analysis . . . is not required." Berman, 434 Mass. at 303. Furthermore, the judge opted to not grant Suburban the total amount of fees requested. Given the evidence in the record, we find no abuse of discretion in the calculation of the postjudgment attorney's fees for Suburban.

Ozdemir claims that the amount awarded includes fees purportedly incurred during the period that the trial judge tolled further interest. However, Ozdemir fails to acknowledge that the trial judge clarified that the order tolling further interest applied to the underlying second judgment only, not to any additional postjudgment attorney's fees and costs. No additional interest was awarded by the trial judge in her final judgment entered on December 15, 2023.

Ozdemir also argues that the calculation included fees incurred in connection with proceedings in other courts or in other actions. This argument is waived where Ozdemir raised it neither in the trial court nor in the Appellate Division. See Boss, 484 Mass. at 562-563. In addition, Ozdemir neither

6

identifies the billing entries or invoices in the record that he contests, nor suggests by how much the award should be reduced.

3. <u>Denial of postjudgment attorney's fees for Ozdemir</u>. Finally, Ozdemir claims that it was an abuse of discretion for the Appellate Division to affirm the trial judge's denial of his request for attorney's fees. We disagree.

We review an order denying requested fees for an abuse of discretion. See <u>Matter of the Estate of King</u>, 455 Mass. 796, 805 (2010). Ozdemir has not established an abuse of discretion as his argument for such fees pertains to Suburban refusing to accept payment on December 21, 2022, and initially filing other motions rather than the motion for postjudgment attorney's fees. The judge was within her discretion to not award Ozdemir attorney's fees, where Suburban did not, in fact, defy court orders as Ozdemir alleges, and the judge, in fact, tolled interest on the underlying judgment as a remedy for Suburban's refusal to accept tender.

7

Conclusion. In summation, the decision and order of the Appellate Division entered on April 14, 2025, is affirmed.

So ordered.[5]

By the Court (Meade,
  Hodgens & Allen, JJ.[6]),

Clerk

Entered: April 17, 2026.

---

[5] Both parties' requests for appellate attorney's fees for litigating this appeal are denied.

[6] The panelists are listed in order of seniority.